HENRY A. GOULD, Appellant, *vs.* SUB-DISTRICT No. 3 OF EAGLE CREEK SCHOOL DISTRICT, Respondent.

### APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

In an action against a corporation for injuries sustained from the negligence and carelessness of the Defendants, it appeared that the name of the corporation (a school district,) had been changed by the legislature, after the cause of action accrued, and before commencement of suit. The complaint alleged that the new district embraced the same limits as the old. *Held,* that the district was properly sued, by the name it bore at the time of the commencement of the action.

*Chap.* 11, *sec.* 60, *Sess. Laws* 1861, saves a right of action growing out of the negligence and carelessness of the district in using and occupying a dwelling house as a school house, whereby the property of Plaintiff was destroyed.

In an action against a corporation for injuries to person or property, it is unnecessary to allege that the acts were done by the agents of the corporation. The pleading may allege that the Defendant did the acts complained of.

Where a corporation is sued for injuries to person or property, it cannot, as a general rule, be set up as a defence that the injuries were inflicted while the Defendant was engaged in the performance of an unlawful act, or in the commission of a trespass.

The Plaintiff in this action respectfully states and shows to the Court, that on the first day of September, A. D. 1860, he was seized and possessed of the title in fee simple to the fol-

lowing described real estate, to wit : situate in said county of Scott, the southwest quarter of the northwest quarter, and the northwest quarter of the northeast quarter, and the southwest quarter of the northeast quarter of section number seventeen, in township number one hundred and fifteen, north of range number twenty-two west, containing one hundred and twenty acres of land. And the Plaintiff further says that on said premises, and forming a part thereof, was on the day last aforesaid, standing and being a good substantial and permanent dwelling-house, of the value of four hundred dollars, of a portion of which the Plaintiff had the exclusive possession, and that in the portion of said dwelling-house so possessed by him on the first day of November. A. D. 1860, was stored and deposited, of the property of the Plaintiff, two hundred and eight bushels of wheat, of the value of one hundred and twenty-five dollars, and eight bushels of buckwheat, of the value of four dollars. And the Plaintiff further says that on the day last aforesaid the Defendants were known, designated, acting and doing business under the name and style of *School District Number Three*, in Eagle Creek Township, in said county of Scott, and were duly organized as such School District, and which said School District comprised within its limits the following tracts of territory and no other, to wit : the east half of the southwest quarter, east half of northwest quarter, southwest quarter of northwest quarter of section number sixteen, and the southwest quarter of section fifteen. Sections 17, 18, 19, 20, 21, and the northwest quarter of section number twenty-two, north half of sections 28, 29 and 30, in township No. 115 north of range No. 22 west, and that under and by virtue, and in pursuance of an act of the Legislature, entitled "An Act to establish a Common School System for the State of Minnesota," passed and approved at the regular session of the Legislature for the year A. D. 1861, the said Defendant is now known, acting and doing business and duly organized as Sub-District Number Three, of Eagle Creek School District.

And the Plaintiff further says that said Defendant now comprises the same tracts of territory under their present organization as before, and no other.

And the Plaintiff further says that on or about the first day of November, A. D. 1860, the said Defendant, without the consent and against the will of the Plaintiff, in their organized and corporate capacity, broke and entered the said premises aforesaid, and took possession of a part of said dwelling house, and used and occupied said dwelling house as, and for the purpose of a school house, and that said Plaintiff still remaining in possession of a portion thereof as aforesaid, and said wheat still being stored and deposited therein as aforesaid, and the said Defendant still occupying said house as aforesaid, on the sixth day of January, A. D. 1861, through gross carelessness and negligence, set fire to and wholly consumed, burned up and destroyed said dwelling house and all of said wheat.

And the Plaintiff further says that by reason of the loss and destruction of said dwelling house, that he will not in the future be able to use, lease or rent said premises in any manner so profitable or advantageous as he otherwise would have done, had not said dwelling house been destroyed as aforesaid; and that damages have resulted to the Plaintiff in consequence of the burning of said dwelling house, over and above the value of said house and said wheat, to the amount of three hundred dollars.

Wherefore, the Plaintiff demands judgment against said Defendant for the sum of eight hundred and twenty-nine dollars, the value of said dwelling house and said wheat, and the amount of the aforesaid special or consequential damages, besides the cost of this action.

The Defendant demurred to the complaint upon the following grounds:

1st. There is a defect of parties Plaintiff, in this: it appears from the complaint that the Plaintiff was in possession of only part of the house, the residue of the premises being in the possession of another, who is not made a party.

2d. There are two causes of action improperly united in this—a cause of action for injury to real property which affects the Plaintiff and all persons in possession, and a cause of action for injury to the personal property which affect the Plaintiff only.

3d. The complaint does not state facts sufficient to constitute a cause of action against the Defendant.

The Court sustained the demurrer and the Plaintiff appealed.

Points and Authorities of Appellant.

I.—The District Court erred in sustaining the Defendant's demurrer, because a landlord *can* maintain a civil action for an injury to the freehold although there may be an intervening, unexpired estate in a third person ; *Kent's Com., vol.* 4, *p.* 123, where, at most, by the Common Law, the question is left in doubt ; but the rule is here settled by statute. *Comp. Stat. Minn., p.* 411, *sec.* 37.

II.—Because there is no nonjoinder or defect of parties, no *joint* interest in the wrong complained of is shown by the complaint ; nor is it shown that any other person than the Plaintiff has been injured, nor is it shown that if any other person than the Plaintiff has been injured, or has any joint interest in the recovery with the Plaintiff, that such person is *still living.* See 11 *How. P. R.,* 567.

III.—The plea of nonjoinder in abatement must give the Plaintiff a better writ. *Abbott's Code, p.* 466.

IV.—Trespass can be maintained against a corporation, either private or public. *Angel & Ames on Corp.,* 224, 226; 4 *Serg't & Rawle,* 6; 16 *East.,* 6; 14 *Com. Law., Rep.,* 159; 3 *Peters,* 400, 409; *Dig. Del. Laws,* 97; 2 *Harrington's Rep.,* 67, 514.

V.—At the time of the commission of the trespass complained of, *sec.* 15, *of chap.* 69, *p.* 616, *of Comp. Stats.* was in force, and the right of action having then accrued, the same right is expressly saved and retained by *section* 60 *of the General School Law,* passed and approved March 7, 1861, found on *page* 71 *of General Laws of* 1861 ; and if the right of action had not here been expressly reserved, it could not have been divested by any act of the Legislature, therefore it is contended that under *sec.* 15 *of chap.* 69 *of Comp. Stat., p.* 616, above cited, that *any act done* by the corporation (while *pretending* to act in their corporate capacity,) which would constitute a trespass if done by a single individual, would,

under the statute, constitute a trespass on the part of the corporation for which this action would lie.

VI.—But the above questions do not necessarily arise in this case, for the reason that the complaint shows that the wrong or injury occurred to the Plaintiff by the acts of the Defendant while engaged in the execution of a *lawful object or duty*, but which was being performed in a place where the corporation had no right to be, to wit : in Plaintiff's dwelling house without his license.

Points and Authorities of Respondent.

3d. The third ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the Defendant. Under which the Respondent will make the following points :

I.—The complaint ought to have alleged that the Plaintiff was the owner of the premises at the time the alleged trespass was committed, for the Plaintiff cannot recover the value of premises he does not own. The complaint alleges the Plaintiff was the owner on the first of September, but the trespass is alleged to have been committed on the first of November.

II.—The complaint should show the Plaintiff was in possession of the premises at the time the Defendant " broke and entered " the same, for actual possession is essential to support this action ; and that he was in possession at the time of commencing this action. 1 *Steph. N. P.*, 2632-33-35-36; 1 *Chit. Pl.*, 175; *Campbell vs. Arnold*, 1 *John*, 511; *Toby vs. Webster*, 3 *John.*, 468.

III.—The alleged trespass was committed by School District No. 3 of Scott County, for which the Defendant, Sub-District No. 3 of Eagle Creek is not liable, for the new school law of 1861 does not render the Sub-Districts liable for a trespass committed by the old District. (*Sec.* 60, *p.* 71, *Law* 1861.) This section merely provides that the new law shall not " affect or prejudice any right of any party who may hold any contract, obligation or right or lien upon any such district or the property thereof." The term " such district " re-

ferred to in this section, is the *old school district* as previously organized, the "existing school districts." when the new act took effect... This section does not undertake to abrogate any rights of action existing in favor of or against the old districts, nor to transfer any such cause of action to or against the sub-districts. This section merely saves the right of "such district"—the then "existing school district" to enforce against the proper parties any cause of action which "exists, at the time this act shall take effect," for this act dissolving the old corporation and abrogating the law under which it existed, is not to "affect or prejudice the right of such district to enforce by law" its cause of action. While on the other hand the new law does not transfer any cause of action existing against the old district from "such district" and cast it upon the sub-districts, but merely provides that the new law shall not "affect or prejudice any right of any party who may hold any contract, obligation, or right, or lien upon any such district or the property thereof."

The action then should have been commenced against the Trustees by name of School District No. 3, of Scott County. *Comp. Stat.*, *p.* 616, *S.* (16.)

But this action could not be maintained against the Trustees of School District No. 3, of Scott County. For said section 60 of the act of 1861 does not save a cause of action existing against "such district," for a trespass. The causes of action saved by that section against such district are not general and do not embrace all causes of action that may have accrued against such district, but only such as exist in favor of a party who "*holds*" a "contract," "obligation or right, or lien;" such terms do not embrace a cause of action arising for a trespass. The Plaintiff's right of action then remains as the common law leaves it. The dissolution of a corporation (no matter how) is its civil death. It can neither sue or be sued after its dissolution, unless being dissolved by an act of the Legislature that right be reserved. All proceedings against a corporation to effect its dissolution, are, to wind up its affairs, and, in the nature of proceedings *in rem*, to reach its property. "The debts of a corporation, either to or from it, are totally extinguished by its dissolution." 1 *Blk. Com.*, 484.

IV.—The complaint ought to have shown the means or agency by which the Defendant committed the alleged trespass.

A school district is a corporation of the most limited powers and can act only by duly authorized agents. A school district is not a corporation in its full sense. "There are some persons and associations," says Chancellor Kent, "who have a corporate capacity for particular specified ends." Among such he classes a school district. (2 *Kent's Com.*, 6 *Ed.*, 278.) Such a corporation can commit a trespass only by, or through some authorized agent. This is obvious. The complaint should have shown who that agent was. The allegation of agency would be the allegation of a material fact. The Defendant has the right to deny that the person who committed the alleged trespass was the agent or officer of the school district. Without alleging an agency, the Plaintiff has no right to prove any, and without proving an agency it is impossible that a school district "broke and entered" the Plaintiff's dwelling house and burned it up. Being invisible and existing only in intendment of the law it can act only by a duly authorized agent. The complaint is therefore in this respect defective.

V.—The trespass complained of is an act which a school district "in its organized and official capacity" is incapable of doing. In other words the liability of a limited public corporation such as a school district for the torts of its agents and officers extends only to consequential injuries arising from the wrongful performance of a lawful act. *Rodes vs. City of Cleveland*, 10 *Ohio*, 159; *Mayor of New York vs. Bailey*, 2 *Denio*, 433; 3 *Hill*, 193; 3 *Peters U. S. R.*, 398; *Ferguson vs. Ruby*, 1 *B. Monroe*, 96; *Ruby vs. City of Portland*, 3 *Shep.*, 306; *Readly vs. Tuskaloosa*, 6 *Alb.*, 327; *Com. Stat.*, *p.* 360, *sec.* 70, *sub.* 4, *and Laws* 1860, *p.* 210, *sec.* 2.

L. M. BROWN, Counsel for Appellant.

HENRY HINDS, Counsel for Respondent.

*By the Court*—ATWATER, J.—The first objection raised by the demurrer is, that the complaint does not show the owner-

ship and possession of the Plaintiff in the premises at the time of the injury complained of. The complaint alleges ownership and possession of the premises by Plaintiff on the first day of September, 1860—that in the portion of said dwelling house *so* possessed by him on the first day of November, 1860, was stored, &c. And in folio five, the further allegation is made, "that said Plaintiff still remaining in possession of a portion thereof as aforesaid, and said wheat being still stored and deposited therein as aforesaid, and the said Defendant still occupying said house as aforesaid, on the 6th day of January," &c. We think the allegation of ownership and possession, though somewhat informal, is sufficient for the purpose, and that it may be fairly understood from the complaint, that the Plaintiff was the owner of the premises and in possession of a part of the house at the time of the injury. The Plaintiff alleges ownership in the first instance, in fee simple, and possession under or by virtue of such title. The after allegations of possession, refer to the first, by the terms, "so possessed," and "in possession as aforesaid." The language might have been more explicit, but it is sufficient to convey the meaning that the Plaintiff was owner and possessor, at the time of the injury.

It is also claimed that the action should have been against School District No. 3, as the trespass was committed by that School District. By section five of an act approved March 7, 1861, (*Sess. Laws* 1861, *p.* 56), it is provided that "the several school districts heretofore organized in any county of this State, shall be the sub-districts of the several towns in which they are situated." By section four of the same act, it is provided that the several districts, (each consisting of a township), shall be subdivided by the trustees into sub-districts, which shall be numbered in a regular series, from number one upwards, and their description and boundaries clearly given and well defined. It is alleged in the complaint, that at the time of the injury complained of, the Defendants were known, designated, acting and doing business under the name and style of School District Number Three, in Eagle Creek Township, describing the limits of the same, and then alleges that by virtue of the act above named, "the Defendant is now

known, acting and doing business and duly organized as sub-district number Three of Eagle Creek School District." Also, "that said Defendant now comprises the same tracts of territory under their present organization as before, and no other." It appears from this, (and the date of the complaint and summons), that at the time of the commencement of this action, there was no corporation in existence by the name of School District Number Three, in Eagle Creek Township. The corporation which formerly bore that name, still exists, however, embracing the same limits, organized for the same purposes, and clothed with substantially the same powers, and differing from the former in name only, or at all events, if there are other differences, they are not material so far as the objection here urged is concerned. The action is correctly brought against the corporation under its present name, the identity of the corporate body under the two different names being alleged. In a suit against a natural person whose name had been changed by the Legislature, for some cause of action arising previous to such change, it can scarcely be pretended that he should not be sued by the name he bore at the time the suit was commenced, setting forth the acts, &c., (as the case might be), done by him under his former name. It is difficult to see why the same rule should not obtain in the present case. And even if this were not so, I do not think the Defendant can raise the objection under the general ground that the complaint does not state facts sufficient to constitute a cause of action.

It is further claimed that the act of 1861 does not save a cause of action against the old school district for a trespass. As to how far this may be called, or may in fact be an action of trespass, will be considered hereafter. The causes of action saved by section sixty of the act of 1861, are such as exist in favor of a party who holds a contract, obligation, or right, or lien. What was here intended by the use of the word "right"? The word is of broad signification, and has a wide scope of meaning in its various legal applications. It must here embrace some other right than those arising under a contract, obligation or lien. I see no reason why it should not include the right to indemnity or damages, for injuries of

such a nature as are stated in the complaint. Such right is as valuable to the injured party as any could be arising under contract, and there is full as strong an obligation resting on the Legislature to protect such right, and it cannot therefore be claimed, that there is any thing in the nature of the case inconsistent with this view. And indeed, if under the facts stated in the complaint, the Plaintiff has any right against the district then existing, the language of the act saves that right to the party, since the right is not confined to any specified kind or class, or in fact limited in any manner. It may legitimately be inferred, from the connection in which it is used, that the Legislature employed the term in its most enlarged meaning, since certain words or relations are specified under which rights may arise, and this general term is employed in addition thereto.

It is further urged by Respondent in support of the demurrer, that the complaint ought to have shown the means or agency by which the Defendant committed the alleged trespass. It is said that a school district is a corporation of the most limited powers, and can act only by duly authorized agents. But it is not because of its limited powers that it must act by and through agents, but because it is an impersonal and intangible being, and from its very nature incapable of doing personal acts. Every corporation (we can call to mind no exception) must act through its agents, whether in the performance of lawful or unlawful acts, and whether it possess limited or the most enlarged powers. And as the corporation must necessarily act by and through its agents, and cannot act otherwise, we see no necessity of stating that the act complained of, was done by the corporation through its agents, unless it be necessary to go further, and state who those agents were. But this, it is believed, has never been held necessary. A railroad corporation is authorized to construct a railroad, and run cars thereon. In an action against such company for damages to the person, the allegation usually is in general terms, that said company did so negligently, carelessly, and unskillfully construct a bridge, or run and manage their cars, &c.; (as the case may be), that the Plaintiff was injured, &c. It is never necessary to state who the

persons were directly engaged in doing the acts complained of. The proof of course must show that the acts were authorized, permitted, assented to, or in some manner recognized by the company, in order to render it responsible, if the answer puts in issue the fact that the corporation did the acts complained of. Cases may, perhaps, be imagined, where a definite statement as to agency may be requisite, but as a general rule, it is sufficient to allege that the acts complained of were those of the company or corporation.

The main argument of the Respondent in support of the demurrer, is based upon the proposition, that the trespass complained of is an act which a school district is incapable of doing in its organized and official capacity. That the liability of a limited public corporation, such as a school district, for the torts of its agents and officers, extends only to consequential injuries, arising from the wrongful performance of a lawful act.

In the view which we take of the complaint, it will not be necessary to decide upon the correctness of this position, since we think that the complaint fails to show that the entry, use, and occupation of the house of Plaintiff, was a trespass, though the pleader, perhaps, may have intended to make an allegation to that effect. In the first place the complaint alleges that the Plaintiff was seized and possessed of the title in fee simple to certain real estate, describing it. The complaint then goes on to state "that on said premises and forming a part thereof, was on the day last aforesaid, standing and being a good, substantial, and permanent dwelling house, of the value of four hundred dollars, *of a portion of which the* Plaintiff had the exclusive possession." The first clause of the complaint alleges a general possession of the real estate. The subsequent allegation having particular reference to the dwelling house, modifies this, and only claims possession of a part of the same, thus expressly negativing the idea that the Plaintiff was entitled to possession of the whole. It is not stated who was entitled to the possession of the other part,— for aught that appears to the contrary, it may have been the Defendant in this action.

The next statement in the pleading with reference to this
vol vii.—28

point is, " that the said Defendant, without the consent and against the will of the Plaintiff, in their organized and corporate capacity, broke and entered the said premises aforesaid, and took possession *of a part of said dwelling house,* and used and occupied said dwelling house as and for the purpose of a school house, and that said Plaintiff still remaining in possession of a portion thereof as aforesaid, and said wheat being still stored and deposited therein as aforesaid, and the said Defendant still occupying said house as aforesaid, on the sixth day of January," &c.

Now, if any trespass is here charged, it is a trespass in breaking the close of the Plaintiff, that is, in entering upon his real estate, separate and apart from his house, since it is of that only that he claims the exclusive right of possession. From the construction and connection of the sentences, it may be a matter of doubt, whether the pleader intended to charge that anything more than breaking and entering upon his close, was " without the consent and against the will of. the Plaintiff," but whether this be so or not, is immaterial, inasmuch as it could be no trespass upon the Plaintiff to enter that part of the dwelling house of which he had not the right of possession, and occupy the same, whether with or without his consent. Possession, either actual or constructive, is essential in order to maintain the action of trespass. And laying out of view the corporate character of the Defendant, I do not think the action of trespass could be maintained against a natural person, under these allegations, so far as the taking possession, use, and occupation of the dwelling house are concerned. And if the averments do not directly negative the idea of a trespass, (as regards the house), they are too indefinite and uncertain to render a party liable for a tort.

If the Defendant had the right to take possession of, and occupy the house, or a part of the same, a trespass previously committed, or upon other property, could not render such occupation and possession tortious. Nor could the purpose for which the Defendant used the building, since the trustees would have the undoubted right to employ a part of a dwelling house as a school house, if in their judgment the same was necessary or proper. There is nothing in the statute ren-

dering such use unlawful, and if the district had no school house, and a school was needed, it would be the duty of the trustees to provide the most suitable and convenient room to be obtained for that purpose. The entry and occupation of this building cannot be presumed to be unlawful, but the fact must be expressly averred, if a party seeks any advantages from the allegation. And if the occupation of the premises was lawful, it is not claimed by Respondent that the Defendant was liable for the injury.

But even admitting that the pleading shows that the Defendant was committing a trespass, in the occupation of this house for the purpose named, I can by no means assent to the doctrine which the Respondent here contends must follow from the admission of this fact. It may indeed be admitted, that the proposition that the liability of a limited public corporation, extends only to consequential injuries arising from the wrongful performance of a lawful act, has received the sanction of judicial authority to a certain extent. But we do not think these decisions have been of such uniformity and weight, as to have established this as a fundamental principle of the law,—and much less that it is now considered as well settled by Courts of the highest authority. In a recent case, *Bissell vs. The Michigan Southern and Northern Indiana Railroad Companies*, the principle has been examined at great length by the Court of Appeals of New York, and the question ably and exhaustively discussed by Justices Comstock and Selden. Those judges differed as to the powers of the corporations, and as to the grounds of the liability of the corporations, in that case, but the opinions of both, I think, clearly expose the fallacy of much of the reasoning of the counsel for the Respondent in this case. In that case the Plaintiff sued for injuries received by the carelessness and negligence of the companies in running their cars from Chicago to Toledo, bringing his action upon a contract between himself and the companies, safely to convey him from one city to the other, for a consideration paid. Judge Selden held, that the companies had no right to transport passengers between those points by their charters, and that the contract was illegal and void. But, he remarks, "it does not follow,

however, that they are not liable to the Plaintiff in this action. The complaint is founded upon the duty which rested upon the Defendants, growing out of the relation in which they stood to the Plaintiff, to take care that he should not be injured by their negligence. If this duty could only arise out of some contract between the parties, then the conclusion arrived at, would be fatal to the recovery. The contract actually made by the Defendants to transport the Plaintiff, can form no part of the Plaintiff's case, and he must recover, if at all, irrespective of that contract.

"It is said that if the contract was *ultra vires*, and the corporation is protected from all responsibility for its violation on that ground, it must be equally free from responsibility for an injury inflicted while attempting to perform it. But this I apprehend by no means follows, though it is probably true so far as the duty to observe due care grew out of the contract. The Plaintiff's claim, however, rests not upon his contract, but upon the right which every man has to be protected from injury through the carelessness of others. It has the same legal foundation as that of one who has been injured by the negligent driving of some person upon the public highway, or who has been run over by a train of cars when crossing the railroad track. The duty to observe care in these cases arises, not upon any contract, but from the obligation which rests upon all persons, whether natural or artificial, so to conduct as not through their negligence to inflict injury upon others. It will scarcely be doubted that if the Defendants' cars, through the carelessness of their employees, had run over the Plaintiff, while passing upon a highway across the track of any portion of the road used by them, the corporation would have been liable. They could not set up, that having no power to run their cars beyond the limits prescribed by their respective charters, all acts outside of those limits must be regarded as the acts of the individuals performing them, and not of the corporation."

This is precisely the claim made in the case at bar, that because the corporation was acting beyond the limits to which the statute has confined it, the acts complained of must be regarded as those of the individuals performing them, and

not of the corporation.    It is somewhat difficult to state with certainty what were all the points actually decided in that case by the whole Court, but I think the propositions above quoted from Judge Selden's opinion, are based upon sound reason, and in accordance with well established legal principles.    Although it was held (by some of the Court at least) that the Defendants were engaged in an unlawful act, when the injury was committed, yet they were not allowed to set up that fact, in order to relieve themselves from the consequences of their carelessness and negligence while performing the act.    I do not propose, however, to discuss the matter at length in this connection, as I deem it unnecessary for the proper determination of the case before this Court.

The order sustaining the demurrer is reversed, and the case remanded, with leave to Defendants to answer, within twenty days after service of a copy of the order to be entered hereon.