COMMERCIAL BANK OF KENTUCKY *vs.* RICHARD SLATER adm'r, etc., (1st. case.)

Dec. 24, 1874.

Claims Against Estates of Deceased Persons, Barred, Unless Presented to the Commissioners.—Heylin, defendant's intestate, died December 28, 1866, in Pennsylvania, where one Ashton was appointed administrator of his estate, January 19, 1867. During Heylin's lifetime, the appellant, The Commercial Bank of Kentucky, commenced an action against him in the district court for the county of Philadelphia. In this action, (which was upon contract,) Heylin appeared, and it was pending at the time of his death. Ashton, the administrator, having been substituted as defendant after Heylin's death, and having duly appeared, the Bank, on September 9, 1871, recovered judgment therein for $18,853.40. On July 20, 1867, Ashton was appointed administrator of Heylin's estate by the probate court for Ramsey county, in this state, (in which Heylin left property,) and on April 21, 1871, was removed by the same court, by which also, on the same day, Slater was appointed administrator in his stead. On July 20, 1867, commissioners to examine and adjust all claims against Heylin's estate were duly appointed by said court, which allowed six months for the presentation of claims, a time which was never extended. The commissioners, having proceeded in all respects as provided by statute, filed their report December 30, 1868. The claim of the Bank was never presented to them for allowance. On January 30, 1872, the Bank filed with the probate court a petition that its claim on account of the judgment might be allowed against Heylin's estate. *Held,* that the Bank, not having exhibited its claim to the commissioners within the six months limited for that purpose, is forever barred from recovering the same, under § 14, ch. 53, Gen. Stat. Section 16, ch. 53, Gen. Stat. has reference to actions pending in this state.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial. The case is stated in the opinion. The next following case, between the same parties, was an attempt by plaintiff to enforce the same claim involved in this case, by an original action in the district court.

*R. B. Galusha* and *I. V. D. Heard,* for appellant.

*H. J. Horn* and *Davis & O'Brien,* for respondent.

BERRY, J. Heylin, defendant's intestate, died December 28, 1866, in Pennsylvania, where one Ashton was appointed administrator of his estate, January 19, 1867. During Hey-

lin's lifetime, the appellant, The Commercial Bank of Kentucky, commenced an action against him in the district court for the county of Philadelphia. In this action, (which was upon contract,) Heylin appeared, and it was pending at the time of his death. Ashton, the administrator, having been substituted as defendant after Heylin's death, and having duly appeared, the Bank, on September 9, 1871, recovered judgment therein for $18,853.40. On July 20, 1867, Ashton was appointed administrator of Heylin's estate by the probate court for Ramsey county in this state, (in which Heylin left property,) and on April 21, 1871, was removed by the same court, by which also, on the same day, Slater was appointed administrator in his stead. On July 20, 1867, commissioners to examine and adjust all claims against Heylin's estate were duly appointed by said court, which allowed six months for the presentation of claims, a time which was never extended. The commissioners, having proceeded in all respects as provided by statute, filed their report December 30, 1868. The claim of the Bank was never presented to them for allowance. On January 30, 1872, the Bank filed with the probate court a petition, (as we are left to conjecture from the return,) that its claim on account of the judgment might be allowed against Heylin's estate. From an order of June 15, 1872, disallowing the claim, the Bank appealed to the district court, and the order having been there affirmed, the Bank moved for a new trial, from the denial of which the pending appeal was taken to this court.

The Bank, not having exhibited its claim to the commissioners within the six months limited for that purpose, is "forever barred from recovering" the same. Gen. Stat., ch. 53, § 14. Section 16, ch. 53, relied upon by the appellant, has reference to actions pending in this state, as it is not to be supposed that our statute would attempt to regulate the procedure of the courts of other states. Besides, if it be admitted, for argument's sake, that § 16 could apply to judgments of other states, there is nothing in this case

to show that a compliance with its provisions as to the manner in which judgments shall be *certified* to the probate court has been attempted. For these reasons, we are of opinion that the claim was properly disallowed, notwithstanding the special facts of the case as before stated.

· Order denying new trial affirmed.