## Laura T. Bunnell *vs.* Louisa Post and others.

### January 10, 1879.

**Payment of Debts by Executrix, without allowance by Commissioners.**—Where commissioners are appointed to receive, examine and adjust all claims against a testator's estate, and proceed duly and regularly, an executrix who pays, out of funds not belonging to the estate, claims which are valid against the same, and which are properly allowable by the commissioners, but which have never been presented to them or allowed by them, is not entitled to have such payments allowed to her on the settlement of her account as executrix.

Russell Post died on August 18, 1872, leaving a will in which he named his widow, Mrs. Louisa Post, and his daughter, Mrs. Laura T. Bunnell, (the parties to this appeal,) his executrixes and residuary legatees. The will was proved in the probate court of Ramsey county, and letters testamentary issued to the executrixes named in the will, on September 19,

1872, and on the same day an order was made appointing commissioners to receive, examine and adjust all claims of all persons against the deceased, and limiting to six months the time within which creditors should present their claims. All notices were duly given by the commissioners, and proceedings duly taken by them, and on March 29, 1873, they duly filed, in the probate court, their report, showing claims allowed to the amount of $2,803.87, and no claims rejected.

Meantime, the executrix Laura T. Bunnell had paid, with her own moneys, claims against the deceased, to the amount of about $5,000, none of which had been presented to the commissioners, but all of them being valid and subsisting claims, which would have been allowed by the commissioners, if presented to them.

Some of these payments were made before and some after the meeting of the commissioners, and all with the knowledge and consent of her coexecutrix.

On April 26, 1876, Mrs. Bunnell presented to the probate court a petition asking that other commissioners be appointed, to audit and allow the claims so paid by her. On June 5, 1876, the court made an order denying this application; and no other application was ever made to extend the time for presenting claims, or for renewing the commission.

On July 25, 1876, Mrs. Bunnell presented her petition to the probate court for allowance of her account as executrix, including the sums so paid by her as a charge against the estate. Her coexecutrix, Mrs. Post, and the legatees, objected to the allowance of these items, and they were disallowed. Mrs. Bunnell thereupon appealed to the district court for Ramsey county, where a trial was had before *Simons*, J., (a jury being waived,) and judgment entered aff'r ning the order of the probate court, and Mrs. Bunnell appealed to this court.

The estate consisted entirely of real estate, and was not of value sufficient to pay debts and legacies, if the disputed claims should be allowed.

*Davis, O'Brien & Wilson,* for appellant.

An executor may pay debts which have never been pre-sented to the commissioners. The only peril he incurs is that of being unable to show that they are valid claims. The statute providing for allowance of claims by commissioners gives a cumulative remedy, and does not abate from the common-law right of executors. Its object is to give the executor a record bar, if he chooses to avail himself of it, and to abolish certain inequitable privileges of election and retainer. This right to a statutory bar does not preclude the executor from recognizing the debt.

An executor who has paid debts out of his own estate may retain assets to reimburse himself. 3 Redf. on Wills (2d ed.) 366; *Decker* v. *Miller*, 2 Paige, 149; *Livingston* v. *Newkirk*, 3 John. Ch. 312; *Williams* v. *Maitland*, 1 Ired. Eq. 92, 99, in which last case an executor was allowed an item paid by him in circumstances and under a statute equivalent to those under consideration in this case; *Ritter's Appeal*, 23 Pa. St. 95.

In taking an account, an executor has the right to stand in the place of a creditor he has paid. *Jones* v. *Jukes*, 2 Ves. Jr. 518. If he pays part of a debt before it is ascertained that the estate is insolvent, he is entitled to be allowed for such payment, though the creditor fails to come in and prove for a *pro-rata* dividend. *Johnson* v. *Corbett*, 11 Paige, 265.

Where creditors, barred by the statute of limitations, bring suit against the executor, equity will not, on behalf of the residuary legatee of the personal estate after payment of debts and legacies, compel the executor to plead the statute. *Castleton* v. *Farnham*, Prec. Ch. 100; 1 Eq. Cas. Abr. 305; 2 Eq. Cas. Abr. 254, 359; 2 Lead. Cas. in Eq. (4th ed.) 288, 369. It is not a *devastavit* to refrain from pleading the statute. An executor is not bound, in law or equity, to plead it. 1 Atk. 526; *Hodgden* v. *White*, 11 N. H. 208; and Chancellor Kent pronounces this to be sound doctrine. 2 Kent, 416, note b.

The statute which provides that claims shall be barred unless presented to the commissioners, is merely a statute of limitations. The failure to present a claim does not extin-

guish the debt, but merely takes away the remedy of the creditor. *Whitmore* v. *San Francisco Savings Union*, 50 Cal. 145. The courts of the United States entertain jurisdiction of suits against executors, and render judgments *de bonis testatoris*, without regard to whether the claims have ever been presented to the commissioners. *Suydam* v. *Broadnax*, 14 Pet. 67; *Union Bank* v. *Jolly*, 18 How. 503; *Green* v. *Creighton*, 23 How. 90; *Payne* v. *Hook*, 7 Wall. 425.

If the owners of the claims paid by Mrs. Bunnell could, if citizens of other states, have recovered the amount of them and costs, in a suit in the federal court, even though the executors had pleaded the omission to present them to the commissioners; if it is "sound doctrine" that Mrs. Bunnell could have permitted a judgment to be entered on these claims for their amount and costs, in a court of the state, by refraining from pleading this statute of limitations; how can it be unsound doctrine to allow her, voluntarily and without suit, to do the honest act of paying, without costs, these debts which are admitted to have been justly due? These executrixes are trustees for legatees, and they are residuary legatees. To permit the *cestuis que trust* and Mrs. Post to take legacies enhanced by the payments which Mrs. Bunnell undoubtedly made to save real estate from sacrifice, (for the estate "consists entirely of real estate,") is to reverse the rule that they who seek equity must do it. If they desire the legacies, they should be estopped to repudiate the acts of the appellant. Legatees take only what is left after paying debts. They are mere volunteers, and peculiarly subject to such equities as are now asserted. The estate as to debts is solvent. It is only "debts and legacies" which cannot be paid in full if Mrs. Bunnell's claim is allowed. But legacies are always subordinate to debts, and the courts below have erred in applying to solvent estates principles which are applicable to insolvent estates only.

Mrs. Post is estopped from objecting to the allowance, for

she knew and consented to the advancement of the money by Mrs. Bunnell.

*James B. Beals,* for respondents.

BERRY, J. The appellant, Bunnell, is an executrix of the last will of Russell Post. Commissioners were duly appointed to receive, examine and adjust all claims against the testator's estate. Proceeding duly and regularly in all respects, they completed and filed their report. The appellant, while executrix, paid, out of funds not belonging to the estate, claims against the same, to the amount of $5,000. These claims were valid against the estate, and would have been properly allowable by the commissioners had they been presented. They never were presented, and of course were never allowed. The appellant asks that her payments of the claims mentioned may be allowed to her in the settlement of her account as executrix.

The general rule prescribed by statute is that all claims against the estate of a deceased person must be presented to commissioners; otherwise they are barred. Gen. St. *c.* 53, § 14; *Commercial Bank of Kentucky* v. *Slater,* 21 Minn. 172. To this rule some exceptions are made by statute, but none of the exceptions apply to this case. If an executor pays claims against the estate of his testator, such as are required to be submitted to commissioners, there is certainly no reason why he should stand in any better position, as respects such claims, than the creditors to whom he paid them would have stood, if he had not paid them. Before they can be allowed against the estate, either upon the settlement of the executor's account or otherwise, they must have been presented to, and allowed by, commissioners; or, if disallowed by them, they must have been allowed upon the appeal provided by law. To hold otherwise would be to hold that the inflexible rule of law prescribed by the statute may be wholly disregarded at the pleasure of an executor. The reason for upholding the rule is just as strong where the claim has been paid by an executor as where it is retained by the original

creditor. In both cases, there is the same necessity that the claim shall be examined and adjusted by the authorized tribunal, and that it should be barred, if not so examined and adjusted in the manner provided by law.

The facts that the appellant and Mrs. Post, one of the respondents, are joint executresses of the will, and also the residuary legatees, and that the payments made by the appellant were made with the knowledge and consent of Mrs. Post, are not important. Even if, in such circumstances, Mrs. Post were in any way bound or estopped as respects her personal interests in the estate, it would be her right and duty, in the discharge of her trust as executrix, to take care of the interests of the creditors and the specific legatees. And in this case, where it affirmatively appears that if the appellant is allowed for the payments mentioned, the estate will be insufficient to pay debts and specific legacies, this duty plainly requires her to object to such allowance. The specific legatees, who are also respondents, objected below, as they object here, to such allowance. They clearly have a right to object, whether either executrix does or not. Gen. St. *c. 54,* § 14, requiring notice of the time and place of examining and allowing an executor's account to be given to all persons interested, manifestly contemplates a right in every such person to object to the allowance of any item in such account which he deems objectionable.

From these considerations, it follows that the probate court was right in refusing to allow the items in the appellant's account for payment of the claims mentioned, and the judgment of the district court affirming such refusal is accordingly affirmed.