LOUISA DYER *vs.* CITY OF ST. PAUL.

February 26, 1881.

Municipal Corporation—Damages to Private Property in Grading Streets.—An owner of land is entitled to the lateral support of the adjoining land in a public street, and a municipal corporation is liable for damage to such owner's land occasioned by removing such lateral support in grading the street.

Plaintiff brought this action in the district court for Ramsey county to recover for damages done to her lot by the defendant in grading a street on which it fronted. On the trial, before *Wilkin,* J., and a jury, the plaintiff had a verdict; a new trial was refused, and the defendant appealed.

*W. P. Murray,* for appellant, cited, 2 Dillon Mun. Corp. § 987; *Callender* v. *Marsh,* 1 Pick. 418; *Snyder* v. *Rockport,* 6 Ind. 237; *Radcliff's Executors* v. *Mayor,* 4 N. Y. 195; *City of Lafayette* v. *Spencer,* 14 Ind. 399; *Macy* v. *City of Indianapolis,* 17 Ind. 267; *City of Delphi* v. *Evans,* 36 Ind. 90; *Korts* v. *City of Lafayette,* 23 Ind. 382; *Gurno* v. *City of St. Louis,* 12 Mo. 414; 51 Mo. 510; *Reynolds* v. *City of Shreveport,* 13 La. An. 426; *O'Connor* v. *Pittsburgh,* 18 Pa. 187; *Rome* v. *Ormberg,* 28 Geo. 46; *Roll* v. *City Council of Augusta,* 34 Geo. 326; *Simmons* v. *City of Camden,* 26 Ark. 276; *Dorman* v. *City of Jacksonville,* 13 Fla. 538; *Ellis* v. *Iowa City,* 29 Ia. 229; *Russell* v. *City of Burlington,* 30 Ia. 262; *City of Burlington* v. *Gilbert,* 31 Ia. 356; *White* v. *Yazoo City,* 27 Miss. 357; *Alexander* v. *City of Milwaukee,* 16 Wis. 247; *Smith* v. *Corporation of Washington,* 20 How. 135; *City of Cincinnati* v. *Penny,* 21 Ohio St. 499.

*S. L. Pierce,* for respondent.

BERRY, J. The court below instructed the jury in this case that the plaintiff, whose lot adjoined a street, "was entitled to the lateral support of the land adjoining his lot, and that the city is liable for any damage occasioned by removing that lateral support in the grading" of such street. The instruc-

tion was based upon the decision of this court in *O'Brien* v. *City of St. Paul*, 25 Minn. 331. That case states, approves, and is determined upon the propositions that "in the control and improvement of streets for public use," a municipal corporation possesses "the same rights and power as a private owner has over his own land, subject to the same liabilities," and "that the corporation will be liable for damages caused to private property by grading streets, when a private owner of the soil over which the streets are laid would be liable if improving it for his own use." Upon further reflection, and an examination of authorities cited by the defendant, we see no occasion for receding from these propositions. As remarked in the *O'Brien Case*, we are still of opinion that the principle laid down "is the most sound, as it is most in accordance with justice, and with the protection to private rights against encroachment by the public, which the constitution aims to give." That a private owner of land has a right to the lateral support of the adjoining soil, and is entitled to damages for its removal, is an ancient and well-settled rule of law. Washburn on Easements, c. 4, § 1.

It follows that the instruction was correct, and the order denying a new trial is accordingly affirmed.