Hogen M. Hogenson *vs.* St. Paul, Minneapolis & Manitoba Railway Company.

November 17, 1883.

Surface Water.—One land-owner has no right, independent of a grant, to gather the surface waters on his land, and, by means of ditches, cause them to flow upon the land of another, where they would not otherwise go.

This action coming on for trial in the district court for Clay county, judgment on the pleadings was ordered and entered for the defendant, from which the plaintiff appeals.

*O. Mosness and F. D. Larrabee,* for appellant, cited 3 Wait's Act. & Def. 711; 4 Id. 740; 6 Id. 264; *Ashley* v. *City of Port Huron,* 35 Mich. 296; *Wagner* v. *Long Island R. Co.,* 2 Hun, (N. Y.) 633; *Goodale* v. *Tuttle,* 29 N. Y. 459; *Gould* v. *Booth,* 66 N. Y. 62; *Moran* v. *Mc-Clearns,* 63 Barb. 185; *Waffle* v. *N. Y. Cent. R. Co.,* 58 Barb. 413; *Byrnes* v. *City of Cohoes,* 67 N. Y. 204; *Jutte* v. *Hughes,* 67 N. Y. 267;

*Bastable* v. *City of Syracuse,* 72 N. Y. 64 ; *Noonan* v. *City of Albany,* 79 N. Y. 470 ; *Barkley* v. *Wilcox,* 86 N. Y. 140; *Curtis* v. *Eastern R. Co.,* 98 Mass. 428; *Dickinson* v. *City of Worcester,* 7 Allen, 19; *Gannon* v. *Horgadon,* 10 Allen, 106; *Turner* v. *Inhabitants of Dartmouth,* 13 Allen, 291; *White* v. *Chapin,* 12 Allen, 516; *Templeton* v. *Voshloe,* 72 Ind. 134; *Cairo & Vincennes R. Co.* v. *Stevens,* 73 Ind. 278; *City of Indianapolis* v. *Lawyer,* 38 Ind. 348; *Livingston* v. *McDonald,* 21 Iowa, 160; *Pettigrew* v. *Village of Evansville,* 25 Wis. 223; *Arn* v. *City of Kansas,* 14 Fed. Rep. 236; *Adams* v. *Walker,* 34 Conn. 466; *Miller* v. *Laubach,* 47 Pa. St. 154; *Rhodes* v. *City of Cleveland,* 10 Ohio, 159; *Nevins* v. *City of Peoria,* 41 Ill. 502; *City of Aurora* v. *Gillett,* 56 Ill. 132; *City of Aurora* v. *Reed,* 57 Ill. 29; *Hoyt* v. *City of Hudson,* 27 Wis. 656; *Waterman* v. *Conn. & W. Rivers R. Co.,* 30 Vt. 610; *O'Brien* v. *City of St. Paul,* 18 Minn. 163, (176;) *Kobs* v. *City of Minneapolis,* 22 Minn. 159; *Lee* v. *City of Minneapolis,* Id. 13; *O'Brien* v. *City of St. Paul,* 25 Minn. 331; *McClure* v. *City of Red Wing,* 28 Minn. 186.

*R. B. Galusha* and *J. Kling,* for respondent, cited *Waffle* v. *N. Y. Cent. R. Co.,* 53 N. Y. 11; *Rawstron* v. *Taylor,* 11 Exch. 369; *Treat* v. *Bates,* 27 Mich. 390 ; *Gannon* v. *Horgadon,* 10 Allen, 106; *Cairo & Vincennes R. Co.* v. *Stevens,* 73 Ind. 278 ; *Pflegar* v. *Hastings & Dakota R. Co.,* 28 Minn. 510; *S. C.* 5 Am. & Eng. R. R. Cas. 85, and note.

GILFILLAN, C. J.   From the complaint we gather these facts:  The defendant's railroad extends in a north-easterly and south-westerly direction through township 140, of range 47, and township 141, of range 46.   Near where the south line of sections 9, 10, 11, and 12, of township 140, crosses the railroad, there are two ditches alongside of and parallel with the railroad, but in which direction and how far they extend does not appear, and there is at that place also a culvert.   From these ditches and culvert, and connecting with them, the defendant dug a ditch westerly along or near said line, through low, wet, and marshy lands, for the distance of about three miles. The plaintiff's farm lies in section 8, of township 141, nearly north of and about six miles from the western end of the ditch dug by defendant.   The surface of the country appears to descend along the ditch towards the west, and from the western end of the ditch towards the north as far as plaintiff's farm.   The ditch receives the

v. 31—15

water from the culvert and the two ditches along-side the railroad, and receives and accumulates the surface water upon the marshy land through which it runs, and discharges the whole in large quantities upon the country at its western end, whence the water runs northward till it reaches and passes over plaintiff's land. But for the ditch so dug, the water from the culvert and two ditches along the railroad and the marshy land would not flow in the direction of plaintiff's farm, there being no natural channels to convey it in that direction from the places where deposited by the rain and snow. The defendant dug the ditch to better its railroad.

The acts of the defendant amount to this: That, being incommoded by the presence of surface waters on its lands, it, by means of ditches, accumulates them and transfers them to the lands of others, where they would not otherwise go, to the damage of the latter lands. Without a grant of the right, it cannot do this. The right of an owner to improve his land for the purpose for which such land is ordinarily used, and to do it in the ordinary manner, as by building on it, or raising the surface where necessary to its improvement, even though as an incident to it the rain and snow waters falling on it may be diffused over adjoining land, was conceded *arguendo* in *O'Brien* v. *City of St. Paul*, 25 Minn. 331. Without determining whether that right may not be qualified by the circumstances of particular cases, we are prepared to say that that is as far as it is safe to go, and that it does not include the right to gather the surface waters on one's land and turn them upon the land of another, to its damage, even though the former land may as a consequence thereof be improved. In other words, he may not in this way improve his own land, by merely transferring to the land of another a burden which nature has imposed on his own land. The defendant is liable for the damage caused to the lands of others by the waters which it caused to flow through its ditch upon them.

Judgment reversed.