MARTIN OLSON *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

38  419
42  176
38  419
c59  443

May 14, 1888.

Surface Water—Construction of Railway Charter.—The rule in *Hogenson* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 224, in respect to the right of one land-owner to gather surface waters on his own land, and, by means of ditches, turn them upon the land of another, followed and applied.

Evidence *held* sufficient to sustain findings of fact.

Plaintiff brought this action in the district court for Clay county, to recover damages for the flooding of his land and destruction of his crops thereon by water discharged from ditches dug by defendant. The action was tried by *Mills*, J., who ordered judgment for plaintiff. A new trial was refused, and the defendant appealed.

*M. D. Grover*, for appellant.

*O. Mosness*, for respondent.

GILFILLAN, C. J.   We have carefully examined the evidence in this case, and find there is sufficient to sustain the findings of fact of the

court below. Those findings bring the case within the rule laid down in *Hogenson* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 224, (17 N. W. Rep. 374.) The defendant, however, claims that, under section 3 of its charter, to wit, subchapter 1 of chapter 1 of the acts passed at the extra session of 1857, it had authority to construct the ditch which discharged the waters so that they flowed upon plaintiff's land, and destroyed his crops. That section reads: "Said corporation shall have the right to enter upon any lands for the purpose of making surveys and for the right of way; may appropriate to its sole use and control, for the purposes contemplated herein, land not exceeding two hundred feet in width throughout the entire length of its said railroads; may enter upon, take possession of, and use all and singular any lands, streams, and materials of every kind beyond the width of two hundred feet, for the location of depots, station grounds, and houses, for the purpose of constructing bridges, dams, embankments, excavations, spoil-banks, turn-outs, engine-houses, shops, and other buildings necessary for the constructing, completing, altering, maintaining, preserving, and complete operation of said railroads. All such lands, waters, materials, and privileges belonging to the territory or future state of Minnesota are hereby granted to said corporation for said purposes, and this act shall be sufficient notice to all persons claiming any interest in the same. But lands owned or belonging to any person, company, or corporation may be taken and appropriated for the purposes aforesaid, and shall be valued and paid for in the manner hereinafter provided." It would certainly be a very large construction to hold that, under this language, the defendant could enter upon and appropriate, (even upon making compensation,) the lands of private persons, and dig a ditch three miles long, at right angles to its line of railroad, for the purpose of carrying off the water accumulating along by the sides of the embankment for its road-bed. But, conceding that it had the right to dig the ditch to the full extent that it would have if it owned the land in fee, still it would not have the right, by means of it, to turn the waters accumulating on its own land upon the land of another, where they would not otherwise go. The decision referred to did not proceed upon the theory that the defendant committed any trespass or wrong by the

mere act of digging the ditch, but assumed that it was dug on its own land.

It is not found that plaintiff was the owner of the land the crops on which were damaged by the water being turned upon it, but he was in possession; and that, it being presumed to have been rightful, was sufficient to enable him to maintain an action for damages to the crops.

Order affirmed.