WILLIAM X. SIGAFOOS *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

June 18, 1888.

**Eminent Domain—Evidence as to Values.**—In condemnation proceedings for taking for a railroad a strip through a farm, it is proper to ask the witnesses what is the difference between the value of the farm without the railroad across it, and its value with the railroad across it.

**Same—Cross-Examination.**—When the company's witnesses had stated their opinion of such difference in values, it was proper, on cross-examination, in order to test the value of their opinions, to ask them if in their judgments it would make any difference that the owner had no right to cross the right of way taken.

**Same—Damages—Temporary Crossings.**—Certain crossings made by the company, at the owner's request, in constructing the road, being apparently only temporary, it was right in the court to decline to charge that the amount of the verdict should be the difference in the values without the railroad, and with the railroad "with the crossings over and under the track now there."

Appeal by defendant from an order of the district court for Carver county, *Edson*, J., presiding, refusing a new trial.

*M. D. Grover* and *G. M. Nelson*, for appellant.

*Peck & Brown*, for respondent.

GILFILLAN, C. J. This is an appeal by the company from an order refusing its motion for a new trial in proceedings to condemn land for the use of its railroad. The land sought to be condemned was a strip for the company's right of way, running through plaintiff's farm, cutting it into two parts. The first assignment of er-

rors is upon several questions asked witnesses by plaintiff, and ob-
jected to by the appellant; in substance this: "What was the dif-
ference between the value of the farm without the railroad across
it, and its value with the railroad across it?"   An objection is made
here that the witnesses were not shown competent to answer, but
that objection was not made below, and of course cannot be raised
here.   Otherwise the questions were proper.   To assist the jury in
arriving at the damages the opinions of witnesses as to the value,
though not conclusive, are always proper; and in that manner may
be proved the value of the entire tract before the taking, and the
value with the strip taken out for railroad purposes.   *Simmons* v.
*St. Paul & Chicago Ry. Co.*, 18 Minn. 168, (184;) *Grannis* v. *St.
Paul & Chicago Ry. Co.*, 18 Minn. 178, (194.)

   The second assignment of errors is upon questions asked by plain-
tiff of appellant's witnesses on cross-examination.   They had testi-
fied as to the difference in value of the farm made by taking the
strip out for a railroad, and on cross-examination they were asked if
it would make any difference in their judgment that the owner had
no right to cross the right of way.   As the statute (Laws 1887,
c. 174,) gives the owner in such case the right to a crossing constructed
at his own expense, when he requires it by notice served on the com-
pany in the manner it prescribes, of course the damages cannot be
assessed on the theory that the land is taken, leaving the owner no
right to cross.   But it is apparent that, ordinarily, some inconven-
ience in the use of the farm thus cut in two would arise from the
owner's right of passage from one part to the other being limited to
a particular point.   And after appellant's witnesses had given
their opinions as to the difference in value caused by the railroad run-
ning through the farm, it was proper for the plaintiff, on cross-ex-
amination, to test the value of those opinions by asking the witnesses
whether, and to what extent, in their opinion, the inconvenience of
passing from one part of the farm to the other would affect the value.
The question asked did not go beyond this legitimate purpose, for if,
in answer, they had stated that in their opinions it did not make any
difference that the owner had no right to cross from one part to the
other of his farm, it must be apparent that their opinions as to the

difference made in the value by running the railroad across it would be entitled to comparatively little weight. The court, in its charge, explicitly instructed the jury in substance that the plaintiff had a right to crossings, and that he could by law enforce such right if the company refused to allow it.

Two requests of appellant were given, with a modification, and the modification is assigned as error. The two requests were in substance alike, so that we need state but one, as follows: "The amount of your verdict must be the difference in the market value of this appellant's farm without the respondent's railroad upon it, and with its railroad upon it as now is, *with the crossings over and under the track now there.*" The court refused to give the part of the request we have italicized, but gave the remainder. There was some evidence in the case of two crossings made by the company at plaintiff's request, when constructing the road. From the evidence they were apparently temporary. As they were not procured by plaintiff in the manner pointed out in the statute, it would have been difficult for the jury to find (what the requests assumed) that they were intended to be permanent, and to fix the rights of the parties in that respect. For that reason the requests were properly modified.

We see nothing in the case to suggest that the evidence is not sufficient to sustain the verdict, or that the damages are excessive.

Order affirmed.