ROBERT C. REDMOND *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

September 24, 1888.

Eminent Domain — Instructions — Waiver of Objection. — Certain alleged errors in the charge of the court disposed of.

Same—Damage to Residue of Tract.— Evidence, as certified in the settled case, examined, and found sufficient to warrant the verdict.

Appeal by defendant from an order of the district court for Anoka county, *Hicks,* J., presiding, refusing a new trial.

*M. D. Grover,* for appellant.

*Geo. C. Ripley* and *C. E. Brennan,* for respondent.

COLLINS, J. This action, originally ejectment, became one to determine the amount plaintiff was entitled to recover by reason of the appropriation, for railroad purposes, by defendant, of about 2 1-10 acres of land (a strip 43 feet in width and running through a tract of 120 acres) in which plaintiff had an undivided interest only. The defendant had acquired, by prescription, a strip 14 feet wide across the 120 acres, and the piece in controversy lay beside and upon the west of this 14 feet, upon which defendant had made its road-bed, laid its rails, and operated its trains for more than 20 years. An action against another defendant, the Northern Pacific Railroad Company, was tried at the same term, and with this, to assess plaintiff's damages by reason of its taking, for like purposes, a strip 68 feet wide, contiguous to and upon the east of the 14 feet before mentioned. Defendant appeals from the order denying a new trial, and assigns error of law, as well as that the verdict is excessive in amount.

As far as possible we shall discuss these in their order, premising by saying that much of the apparent difficulty in the case would not have appeared had these two actions been tried separately, as they should have been, in justice, at least, to the defendants.

Upon the trial it appeared in evidence that from the beginning of its occupancy of the 14 feet this defendant has continually and gradually raised its road-bed; at one time, in 1884, filling in about three feet. This seems to have been considered by its counsel as a proper matter for the jury, as much testimony was received without objection about it, and its effect upon adjacent grass lands. In fact, the court, in its charge, commented upon this feature of the evidence, undoubtedly induced to do so by this defendant's requests to charge, and to some extent it may have affected the amount of the verdict. Counsel now argues that this was error, claiming that defendant had a right to raise its grade upon the 14 feet, as an incident to its ownership, so long as there was no improper construction, and simply an interference with the natural percolation or surface flow of water, citing, among other cases, *Pye* v. *City of Mankato*, 36 Minn. 373, (31 N. W. Rep. 863.) This alleged error can be speedily disposed of by stating that no objection was made to any of the testimony, and no exception taken to that part of the charge bearing upon this feature of the case. The defendant's attorney, upon the trial, (but not the counsel who took and argued the appeal,) not only submitted to the error, if it be one, but seems to have encouraged it by preparing and submitting requests to charge upon the point, in which he recognized the propriety of its consideration as an element of damage. It is now too late to urge error in this particular.

It is argued that the court also committed an error in charging that the jury might consider damages to the land west of the strip occupied by defendant; but upon a careful examination of the testimony we fail to discover that the part of the charge excepted to was erroneous. The trial was conducted upon the theory that the measure of damages was—*First*, the value per acre of the land actually taken; and, *second*, the depreciation in value of the balance of the tract by reason of the taking of 43 feet adjoining that already owned and used by the company. The attention of each witness was specially

called to the fact that the farm was already severed by defendant, and that by appropriating an additional 43 feet it merely widened its already acquired right of way. If these cases had been separately tried, the tracts upon the east and west of defendant's 14 feet could have been more clearly treated as distinct farms, and possibly better results attained; but the measure of damages would have been the same as that adopted, without objection, upon the examination of plaintiff's witnesses. The injury to that part of plaintiff's land lying west of defendant's already acquired right of way, by reason of the taking of another strip, was estimated by several witnesses introduced by plaintiff, and either of these estimates is sufficiently large to sustain the verdict, although it must have been arrived at in a somewhat confusing manner. The fault, if there be one, cannot be attributed to the court below.

Order affirmed.