HENRY A. O'NEILL v. CITY OF ST. PAUL.[1]

June 26, 1908.

Nos. 15,559—(98).

**Division of Surface Water.**

The board of school inspectors of the city of St. Paul graded certain lots for school purposes and erected a retaining wall, which had the effect of partially changing the natural course of the surface waters, causing the same to diffuse and flow over the wall and upon the adjacent premises. *Held*, within the rule of Brown v. Winona & S. W. Ry. Co., 53 Minn. 259, the diversion of the surface waters was a mere incident to the improvement, and there was no liability.

**Liability for Negligence.**

Whether the city is liable for the negligent acts of the board of school inspectors in making such improvements is not decided.

Action in the district court for Ramsey county to recover $1,000 for injury to plaintiff's lot caused by the flow of surface water from certain school grounds of defendant. The case was tried before Bunn, J., who made the findings mentioned in the opinion and as conclusions of law found that defendant was liable for the negligence of its servants in allowing the gutter to remain in the condition described in the find-

[1] Reported in 116 N. W. 114.

ings and ordered judgment in favor of plaintiff for $506. The defendant moved for judgment notwithstanding the verdict or for a new trial. From the order denying its motion for judgment notwithstanding the verdict, defendant appealed. Reversed and judgment ordered for defendant.

*J. C. Michael* and *C. E. Collett,* for appellant.
*Godfrey & Molander,* for respondent.

LEWIS, J.

This is an action by the owner of a house and lot to recover damages resulting from water claimed to have been negligently allowed to flow upon the lot by appellant after grading and improving certain adjoining school grounds. The trial court found that before the property was graded and the retaining wall built the natural slope of the school ground was such that the surface water flowed in a southwesterly direction across a portion of the lot now owned by respondent, but that it did not flow in sufficient quantities to cause damage; that at that time respondent's lot was substantially on a level with the westerly portion of the school property; and that the grading of the school lot and the building of the wall changed the watercourse so that it flowed over the wall onto the lot owned by respondent in sufficient quantities to cause damage. The court also found that a gutter had been constructed along the side of the wall for the purpose of carrying the water off the school property, but that for three years last past the same had been permitted to fall into decay and become clogged, so that the water ran over the wall and onto respondent's premises. Respondent recovered a verdict, and appellant insists on this appeal that the city is not liable for the reason that the public school system of the city of St. Paul constitutes an independent school district, and that the care and custody of school property is entirely under the control of the board of school inspectors, and under the rule laid down in Bank v. Brainerd School District, 49 Minn. 109, 51 N. W. 814, the district is not liable for whatever damage may have been occasioned by the grading of the lot.

This question is one of great importance to the citizens of St. Paul and other municipalities governed by similar charters, and, having concluded that the case must be decided in favor of appellant upon the

question of damages, we shall not consider it at this time. For the purposes of this case we assume that appellant occupies the same relation to respondent as a private individual. As we understand the findings of the court and the evidence, the city was the owner of certain lots which it became necessary to grade in order to put them in proper condition for school purposes. In their natural condition they sloped in different directions, and to some extent the surface waters flowed in a south and southwesterly direction, and partly across the lot now owned by respondent. In order to put the school grounds in proper shape for school purposes, the school board graded the same by taking away from the higher portions and filling in on the westerly and southerly sides, thus raising the westerly side about nine feet, which it supported with a retaining wall. The effect of this change in the natural lay of the land was to cause the surface waters falling upon a strip of land about twenty five feet wide east and west and about one hundred feet long north and south to flow in a westerly direction over the stone wall and upon respondent's lot. Under the doctrine of O'Brien v. City of St. Paul, 25 Minn. 331, 33 Am. St. 470, and Brown v. Winona & S. W. Ry. Co., 53 Minn. 259, 55 N. W. 123, 39 Am. St. 603, if the change in the course of the surface water was merely incidental to the improvement of the grounds, no liability attached, even though the waters were not distributed in the same manner as formerly. Hence the finding of the court that the course of the surface waters was changed by the erection of the wall is not material, provided it appears that the change was a mere incident to the necessary grading of the lot for the purposes of improvement.

The rule above stated in Brown v. Winona & S. W. Ry. Co., supra, has often been referred to and approved, and for the sake of clearness may be stated here: "An owner may improve his land for the purpose for which such land is ordinarily used, and may do what is necessary for that purpose. He may build upon it, or raise or lower its surface, even though the effect may be to prevent surface water which before flowed upon it from coming upon it, or to draw from adjoining land surface water which would otherwise remain there, or to shed surface water over land on which it would not otherwise go. * * *" The Brown case directly involved the question whether it made any difference that the water spread over other land passed to it in a stream,

instead of in a diffused manner, and it was held that it did not. In this case the effect of the grading and the retaining wall was to spread out the surface waters upon a certain portion on the westerly side of the grounds, and cause them to flow over the wall for the distance of about one hundred feet, whereas before the waters found their way in the same general direction, but were confined more toward the front end of the lot. This was not such a collection and discharge of surface water upon the lands of another as to make appellant liable within the rule of Beach v. Gaylord, 43 Minn. 476, 45 N. W. 1095, and other cases of similar character.

The complaint charges that appellant was negligent in maintaining improper gutters, and the court so found. But appellant was not obliged to construct any gutter in the first instance, and, there being no continuing duty upon it to maintain the same, the mere fact of ceasing to maintain it did not render the city liable. This case does not belong to that class of cases considered in Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863, 1 Am. St. 671, where the city was held liable for intercepting the natural flow of certain waters, gathering them up, and conducting them in another direction by an artificial channel, to the damage of another. Respondent had acquired no right by prescription, and it is not a case similar to Stoehr v. City of St. Paul, 54 Minn. 549, 56 N. W. 250; nor does the rule of equitable estoppel apply, as defined in Canton Iron Co. v. Biwabik Bessemer Co., 63 Minn. 367, 65 N. W. 643.

Reversed and judgment ordered for appellant.