# MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. JAMES HARKINS.[1]

July 23, 1909.

No. 16,143—(142).

**Eminent Domain — Right of Way — Damages.**

The landowner, in condemnation proceedings by a railway company, is entitled to the difference between the market value of his land at the time the damages are assessed, without any deduction or offset on account of any increase in its market value in common with other lands in the vicinity, due to the construction or proposed construction of the railroad through that locality, or other general benefits, and the market value of his land with the railroad constructed and operated over it.

**Measure of Damages — Erroneous Charge.**

It was reversible error to instruct the jury in this case to the effect that the measure of the landowner's damages was the difference in the value of his land with the railroad near but not on it and its value with the railroad upon it. Carli v. Stillwater & St. P. R. Co., 16 Minn. 234, (260) and Morin v. St. Paul, M. & M. Ry. Co., 30 Minn. 100, followed.

[1]Reported in 122 N. W. 450.

Proceeding in the district court for Dakota county to condemn a right of way over certain land in that county for an electric traction railway under the power of eminent domain. Commissioners appointed as provided by statute awarded $610 to the owners of the land as damages. From this award, the traction company appealed to the district court. The case was tried before Crosby, J., and a jury which rendered a verdict assessing respondent's damages at $1,000. From an order denying the company's motion for a new trial, it appealed to this court. Reversed and new trial granted.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*Hodgson & Lowell,* for respondents.

START, C. J.

The Minneapolis, St. Paul, Rochester & Dubuque Electric Traction Company, herein referred to as the "Company," instituted proceedings in the district court of the county of Dakota to secure a right of way for its proposed railway over certain lands in that county, including the farm of the respondent. Commissioners were appointed, who awarded the respondent $610 damages for the taking of his land, and the company appealed to the district court of the county of Dakota. The jury in the district court awarded the respondent $1,000 damages, and the company appealed from an order denying its motion for a new trial.

The trial court instructed the jury that: "Now, the rule of damages in this case is this: It is not, as has been sometimes stated, what would be the difference in value of the farm, tract of land, taken as a whole—and this must be considered as a whole. It is not merely the amount of land that is taken. It is the damage to the whole eighty acres, taken as a whole, and it is not what would be the difference between the value of the land, the whole tract of land, with the railroad on it, and what would be its value with the railroad off of it. That is not the rule, because that is charging up to the landowner those general benefits. Those must not be charged up against him. But the more accurate rule is what would be the value of the land without the railroad upon it, if the railroad was built near it and not upon it— that would give the landowner the benefit of that general rise—and

what would be the value of the land with the railroad upon it. That gives him his damages and allows him the benefit of the general benefit." This is, in effect, an instruction that the measure of the respondent's damages was the difference in value of his land with the railroad near but not on it and its value with the railroad upon it. The giving of this instruction is assigned as error.

The rule for measuring the damages of the landowner in condemnation proceedings by a railroad company is settled by the decisions of this court to the effect following: The landowner is entitled to the difference between the market value of his land at the time the damages are assessed, without any deduction or offset on account of any increase in its market value in common with other lands in the vicinity, due to the construction or proposed construction of the railroad through that locality, or other general benefits, and the market value of his land with the railroad constructed and operated over it. Winona & St. P. R. Co. v. Denman, 10 Minn. 208 (267); Winona & St. P. R. Co. v. Waldron, 11 Minn. 392 (515) 83 Am. Dec. 100; Weir v. St. Paul, S. & T. F. R. Co., 18 Minn. 139 (155); Sherwood v. St. Paul & C. Ry. Co., 21 Minn. 122; Union Depot, St. Ry. & T. Co. of Stillwater v. Brunswick, 31 Minn. 297, 17 N. W. 626, 47 Am. 789; Sigafoos v. Minneapolis, L. & M. Ry. Co., 39 Minn. 8, 38 N. W. 627; Mantorville Ry. & T. Co. v. Slingerland, 101 Minn. 488, 112 N. W. 1033, 11 L. R. A. (N. S.) 277, 118 Am. St. 647.

It is obvious that the instruction of the trial court complained of was not in accordance with this rule, and was reversible error; for the rule given as the accurate one was that the landowner was entitled to the difference between the value of the land without the railroad upon it, but built near it, and its value with the railroad built upon it. Carli v. Stillwater & St. P. R. Co., 16 Minn. 234 (260); Morin v. St. Paul, M. & M. Ry. Co., 30 Minn. 100, 14 N. W. 460.

In the first case cited the instruction was as follows: "The jury must estimate the value of the land taken upon the hypothesis that the railroad is located near and not upon the property." This court held that it was error to give the instruction. In the last case cited it was held erroneous to instruct the jury to "consider what the value of the farm would be if the railroad was not on it, but if the rail-

road were in the immediate neighborhood," for the reason that "it left to them an uncertain standard as to the location and effect of the road as respects the particular tract, inasmuch as in some cases the proximity of a railroad might specially enhance the value of the land, and in others it might, on the contrary, affect it injuriously; so that, if the jury were permitted to consider this question in cases favorable to the landowner, they would also be obliged to so consider it in cases prejudicial to him. But in ascertaining the value of the land without the road, the plaintiff was entitled to show its fair market value at the time sworn to. In so far, then, as its general market value had been enhanced by the establishment, construction, and operation of this railroad line, it would necessarily and naturally be included in the estimate of such value by the witnesses." We can add nothing to the force of this reasoning.

Order reversed and new trial granted.