# CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY v. EMIL R. REHNKE.[1]

February 3, 1911.

Nos. 16,949—(53).

**Railroad right of way — release of claims for damage.**
    A deed conveying to a railway company a strip of land across a farm in terms released all claims for damages to the balance of the land occasioned by locating and constructing a railway over the strip conveyed. The railway company thereby acquired the right to make a solid fill beneath its tracks, and any resulting damages to the remainder of the farm through the loss of view from one side of the track to the other was released. Such damages, therefore, cannot be assessed in a subsequent condemnation proceeding instituted by the railway company to acquire additional width of right of way for slopes for such fill.

[1]Reported in 129 N. W. 771.

Proceedings in the district court for Goodhue county to condemn a strip of land on each side of plaintiff's present right of way. The case was tried before Crosby, J., and a jury which returned a verdict in favor of defendant for $125, the value of the land, and $375 damages. From an order denying plaintiff's motion to strike out the item of $375 in the verdict or for a new trial, it appealed. New trial granted unless, within twenty days after a remittitur is filed in the district court, respondent files his consent that the verdict be reduced to $125, in which case the order appealed from is affirmed and judgment entered on the verdict as reduced.

*F. W. Root* and *F. M. Wilson,* for appellant.

*Mohn & Mohn,* for respondent.

SIMPSON, J.

In 1902, in consideration of $350, Emil R. Rehnke, the respondent herein, and his wife, conveyed to the Chicago, Milwaukee & St. Paul Railway Company, the appellant herein, a strip of land one hundred feet wide across the farm then occupied and owned by respondent, and in said conveyance released all claims for damages accruing to all their other lands by reason of, or occasioned by, the locating and constructing of a railway over and upon the premises conveyed. Thereafter the said railway company constructed, and has since operated, its railroad over the strip of land so conveyed. For a portion of the distance across respondent's land the railway tracks were supported by a trestle, the trestle at one point being more than forty feet in height. The company, desiring to replace this trestle for some distance by an earth fill, instituted condemnation proceedings to acquire an additional strip twenty-five feet wide on each side of its right of way for slopes of such fill.

The matter came before the district court upon appeal from the award of the commissioners in that proceeding. At the close of the trial the jury were instructed as follows: "The only damage claimed here, aside from the land taken, is the obstruction of view. Will the taking of this land result in the obstruction of the view from one part of the farm to the other, that would not be obstructed if this land was not taken? If so, does that lessen the value of the farm as

a whole? If so, Mr. Rehnke is entitled to compensation for the amount that it would be lessened in that respect, in addition to the actual value of the land. That is all there is to this case." The jury found that the value of the land taken was $125, and awarded, in addition thereto as damages, the sum of $375.

The railway company appealed from an order denying its motion for a new trial. By various assignments of error the single question is raised: Was the respondent entitled to compensation in the condemnation proceedings for damage that resulted to his farm by reason of the obstruction of view caused by a fill under the railway tracks? The theory upon which the claim that he was entitled to such damage is based is that the purpose of the company, in condemning the additional strips of land, was to make possible a dirt fill under its tracks, and that the injury by reason of cutting off the view of one part of the farm from the other part was attributable to the taking of such additional strips.

The general rule is, as claimed by respondent, that when a railway company, by condemnation proceedings, seeks to take a strip of land for use in the construction and operation of its road, the property owner is entitled to the whole damage which he actually sustains by reason of the appropriation of his land and the construction of the road. Minneapolis, St. P., R. & D. Ele. T. Co. v. Harkins, 108 Minn. 478, 122 N. W. 450. And if an additional strip is taken along an existing right of way, the depreciation in the value of the remaining land by reason of the taking of the additional strip may be recovered. Redmond v. St. Paul, M. & M. Ry. Co., 39 Minn. 248, 40 N. W. 64.

But neither this rule nor the cases cited by counsel for respondent reach the question here involved, which is: Had the respondent once been compensated for the exact damage caused to the remainder of his land, which is here sought to be again recovered in the condemnation proceedings? The question of any general damage to respondent's farm by reason of taking the additional strips was not submitted to the jury. The only damage that they could under the charge find was that caused by the obstruction of view.

The railway company, by purchase, had acquired the right to

construct and operate this road across respondent's farm.     There was, in the deed of conveyance, no limitation as to the manner in which the road was to be constructed, and no reservation by respondent of any right of view beneath the tracks.     On the contrary, the deed released all damages caused by the construction and operation of the railway, and provided that the grant to the railway company was upon no other consideration than that named therein, and that the railway company had made no agreement, promise, or condition for or relating to any crossing, passageway, or other privilege over, across, or under said railway.     By this original conveyance the respondent gave to the railway company the right to obstruct the view, as it might be obstructed by any usual or ordinary construction of railway tracks, between the part of the farm on one side of the railway track and the part of the farm on the other, and thereby surrendered all claim to damages caused by the exercise of such right. The fact that the tracks were first supported by a trestle did not deprive the company of the right to change the character of that support at any time, and it is apparent that various kinds of walls or fills, which would completely obstruct the view, could be made without acquiring additional land.     The fact that the company could more conveniently exercise the right to make a solid fill under its tracks by securing additional land does not make the taking of the land the foundation of the right, but a mere incident in its exercise.

The right to obstruct the view between the different parts of the farm having been acquired by deed was not being acquired by the present condemnation proceedings.     Therefore damages for such obstruction were improperly included in the verdict of the jury.

Ordered, that a new trial be granted unless, within twenty days after a remittitur is filed in the district court, the respondent herein files his consent that the verdict be reduced to $125, in which case the order appealed from is affirmed, and judgment may be entered on the verdict as thus reduced.

JAGGARD, J., took no part.