CHARLES BANK *vs.* BRAINERD SCHOOL DISTRICT.

Argued by appellant, submitted on brief by respondent, Jan. 22, 1892. Decided
March 15, 1892.

School Districts—Powers and Duties.—School districts and independent
school districts, under the statute, are made part of the educational
system of the state. They are corporations with limited powers, organ-
ized for public purposes, and the duties of the trustees or boards of edu-
cation, intrusted with the management and care of the property of such
districts, are public and administrative only.

Same—Not Liable for Negligence.—They are not liable to individuals
for mere neglect or nonfeasance in failing to make repairs.

Statute Construed.—1878 G. S. ch. 36, § 117, which authorizes actions to
be brought against trustees in their official capacity, has not changed
this rule.

Appeal by plaintiff, Charles Bank, from an order of the District
Court, Crow Wing County, *Holland,* J., made September 25, 1891,
directing judgment to be entered on the pleadings in favor of the de-
fendant, Brainerd School District.

The plaintiff's son Frederick, eight years old, while at play on the
schoolgrounds about the Lowell Schoolhouse in Brainerd, fell and
broke his leg. The complaint stated that defendant negligently al-
lowed to remain in the playground two willow stumps three inches
high and six inches apart at the ground, but near together at the
top, dry, solid, and firmly set. That the boy while at play with other
scholars caught his left foot between the two stumps and fell, twist-
ing his ankle, and breaking the bones of his leg, and was so injured
that his leg was amputated just below the knee. The father was
plaintiff pursuant to 1878 G. S. ch. 66, § 34, and he prayed judg-
ment for $20,000 damages suffered by his child.

The School District by answer admitted that it had possession
and control of the school building and grounds and that plaintiff's
son attended the school and accidentally fell and was hurt; and
denied all else. The action came to trial September 25, 1891, when

the court, on motion of defendant, dismissed it and ordered judgment for defendant upon the pleadings on the ground that school districts in this state are not liable in actions of this character. The plaintiff appealed from the order. The question whether this was an appealable order was not raised in this court. *Croft* v. *Miller,* 26 Minn. 317.

*Molyneaux & Peterson,* for appellant.

By Sp. Laws 1881, ch. 134, defendant was created a corporation under the name of Brainerd School District. The district is governed by, and subject to the general laws governing independent school districts in this state except when otherwise provided. The question then is whether independent school districts in this state, organized under 1878 G. S. ch. 36, are liable in actions for negligence.

By 1878 G. S. ch. 36, §§ 116, 117, all school districts of this state are made liable in actions for negligence. The statute provides that an action may be brought against them, in their official capacity, either upon a contract made by their officers, in their official capacity and within the scope of their authority, or for an injury to the rights of a plaintiff, arising from some act or omission of such officers or of the district. *Gould* v. *Subdistrict No. 3, Eagle Creek School Dist.,* 7 Minn. 203, (Gil. 145.)

*W. S. McClenahan* and *W. H. Mantor,* for respondent.

School districts like counties are *quasi* corporations. *School Dist.* v. *Thompson,* 5 Minn. 280, (Gil. 221;) *Goodnow* v. *Commissioners of Ramsey Co.,* 11 Minn. 31, (Gil. 12;) *Board of Ed. of Sauk Centre* v. *Moore,* 17 Minn. 412, (Gil. 391;) *Dosdall* v. *County of Olmsted,* 30 Minn. 96; *Currie* v. *School Dist. No. 26,* 35 Minn. 163.

*Quasi* corporations are not liable to individuals for the negligence of their officers or agents unless such liability is expressly imposed by statute. A school district is not so liable, as there is no such statutory provision. *Hill* v. *City of Boston,* 122 Mass. 344; *Bigelow* v. *Inhabitants of Randolph,* 14 Gray, 541; *Finch* v. *Board of Ed-*

*ucation,* 30 Ohio St. 37; *Commissioners of Hamilton Co.* v. *Mighels,* 7 Ohio St. 109; *Eastman* v. *Meredith,* 36 N. H. 284; *Kincaid* v. *Hardin Co.,* 53 Iowa, 430.

1878 G. S. ch. 36, § 117, does not impose such liability, nor did 1858 G. S. ch. 23, § 59 *et seq.,* nor 1858 G. S. ch. 69, §§ 12, 15, 16. Independent school districts were first provided for by Laws 1865, ch. 13. The entire public school law was collected into a single act by 1866 G. S. ch. 36. Here for the first time we find a provision as a part of the general school law giving a right of action such as is claimed in this case; such provision being made by section seventy-eight, (78,) which is practically taken from 1858 G. S. ch. 69, §§ 15, 16. The next general public school act is Laws 1873, ch. 1. In it 1866 G. S. ch. 36, § 78, is retained as section one hundred and nineteen, (119.) The next general act relating to public schools is Laws 1877, ch. 74, found in 1878 G. S. ch. 36, § 117.

VANDERBURGH, J. By Sp. Laws 1881, ch. 134, the defendant, Brainerd School District, was made the successor of an independent school district embracing the same territory, and was made subject to the general laws of the state governing independent school districts, and for the purposes of this case must be treated as an ordinary independent school district.

Such districts are a part of the public educational system of the state, established in pursuance of the Constitution, art. 8, § 1, which makes it the duty of the legislature to establish a general and uniform system of public schools.

The defendant school district stands on the same footing, as a part of the educational system of the state, as school districts and independent districts. *Board of Ed. of Sauk Centre* v. *Moore,* 17 Minn. 412, (Gil. 391.)

They are all made bodies corporate, with limited powers, for the more convenient and effectual exercise of the public duties devolved upon them, and to promote the object of their creation and organization.

In the case just cited it is, in substance, said, speaking of a district created by special act: The management of the public schools

is one branch of the state government, for which, within the limits of the district, they (such schools) are incorporated. The school districts declared by the general law to be bodies corporate are *quasi* corporations, invested with corporate powers *sub modo,* and for a few specified purposes only. The object is the control and management of the public schools within a certain territory. They therefore stand on the same footing as counties and towns in respect to liability to individuals for the breach of official duty by their officers. And in this state the rule is well settled that neither counties nor towns are so liable for mere neglect or nonfeasance in failing to make repairs. In *Dosdall* v. *Olmsted Co.,* 30 Minn. 96, (14 N. W. Rep. 458,) it was held that the defendant was not liable for an injury resulting to plaintiff from a failure to keep the county property in repair. And in *Altnow* v. *Town of Sibley,* 30 Minn. 189, (14 N. W. Rep. 877,) where an action was brought against a town for neglect to keep a highway in repair, it was held, following the great weight of authority, that no such liability exists, unless by express statute. Yet the town is a body corporate, and by 1878 G. S. ch. 13, § 1, the town supervisors are charged with the duty of the care and superintendence of the roads and bridges in their respective towns. So the board of education is a corporation, which holds and manages the property in its control as trustee for the district, for a public purpose. It is made its duty to take care of and keep in repair the property of the district, but this is a duty which it owes to the district, and not to individuals, and is a duty imposed for the benefit of the public, with no consideration or emolument to the corporation; and it is given a corporate existence solely for the exercise of this public or administrative function. It is organized for educational purposes, not for the benefit or protection of property or business interests. *Finch* v. *Board of Education,* 30 Ohio St. 47.

The rule as adopted and applied in those states which accept this doctrine, is summarily stated in Shear. & R. Neg. § 267, as follows: Boards of education, on which is imposed by the state the duty of providing and keeping in repair public school buildings, exercise a purely public function and agency for the public good, for which they receive no private or corporate benefit; and they are not, there-

fore, liable to an individual for the negligence of their servants in the business of such agency.

The facts stated in the complaint establish no cause of action in this case, unless it is given by express statute.

The plaintiff, however, contends that a right of action in his favor is secured by 1878 G. S. ch. 36, § 117. We doubt, however, if the legislature intended by this section to render school districts liable in actions for personal injuries for mere neglect to repair. As respects school districts, the section has not been materially changed since its original enactment in 1851, forty years ago. 1851 R. S. ch. 79, §§ 12–16. By the statute the trustees may sue in their official capacity on contract, and also for "damages for an injury to their official rights or property." And an action may be brought against them upon a contract made with them in their official capacity, or for an injury to the rights of the plaintiff, arising from some act or omission of the officers or of the district. In making this provision for bringing suits against trustees in their official capacity, the legislature has not changed the character of the duties of such trustees, or created any new duties or liabilities on the part of the district, in the care of the public property. It is not, perhaps, entirely clear what was intended by the language, "for an injury to the rights of the plaintiff," but evidently it must refer to the breach of some duty owed to him as an individual, and not a mere public duty; and it would not operate, therefore, to change the rule. It may well be that the trustees would be liable in ejectment or trespass, as in the case of *Gould* v. *Subdistrict No. 3, Eagle Creek School Dist.*, 7 Minn. 203, (Gil. 145,) and for injuries to property or proprietary rights in the conduct of their official business. Questions relating to the title to property, party walls, boundaries, drains, etc., are of that character, and are subject to a different rule from that which applies in respect to duties purely public or administrative in their character.

This distinction is recognized in *Peters* v. *Town of Fergus Falls,* 35 Minn. 551, (29 N. W. Rep. 586.)

We do not think, therefore, that the legislature has expressly changed or intended to change the prevailing rule in respect to the

liability of officers of school districts; and we believe. this accords with the practical construction which has been given to the statute during all these years.

Order affirmed.

MITCHELL, J., did not sit.

(Opinion published 51 N. W. Rep. 814.)