Rockingham, }
Feb. 2, 1904. }

HARRIS *v.* SALEM SCHOOL DISTRICT.

A school district is not liable at common law for injuries to a pupil which result from improper means of transportation negligently provided for the accommodation of scholars at the public expense.

CASE, for personal injuries, brought by the plaintiff, a minor, by his father and next friend. The defendants moved to dismiss the action, on the ground that they were not liable as matter of law; and the question of law arising on the motion was transferred from the April term, 1903, of the superior court by *Young*, J.

The declaration is as follows: "That the defendants, at Salem, in the county of Rockingham, on the first day of September, A. D. 1901, being a town school-district for the maintenance of a public school in said town, for the education of the children of school age residing in said district, did establish and maintain a public school at the center of said town, and abolished and discontinued the school in the district where the plaintiff resided; and in place of said school in said district, undertook to transport, and did transport, the scholars of said district, including the plaintiff, a distance of over two miles to said school at the center of the town; and it was the duty, and the said district was legally bound in the transportation of said scholars to furnish proper, safe, and convenient transportation to and from the homes and residences of said scholars and said school, and to so care, protect, and provide for their comfort in such transportation as not to endanger the lives or health of said scholars thus transported. Yet the defendants, well knowing their duty and though often requested, did not provide safe, convenient, and suitable conveyance of said scholars, and so unlawfully, unreasonably, and negligently transported and conveyed said scholars as to endanger their health; and the said plaintiff, being of legal school age and being desirous of attending the public schools of said town, where he had the legal right to attend,

and being required by the school board of said town district to attend the school kept and maintained at the center of said Salem, and having the right to be carried from his home to and from said school in a safe, suitable, and convenient manner, yet the defendants so transported, carried, and conveyed the said plaintiff from his home to said school and from said school to his home, a distance of more than two miles, and so negligently provided for his safety and comfort, and so exposed him to the cold and storms, that in the month of November, 1901, while being so carried by said defendants, and being by their neglect and want of care exposed to the inclemency of the weather, that he became sick and suffered with congestion of the lungs and other lung troubles, and remained so for a long time, to wit, from that date until the date of this writ, and has been deprived of his education which he was entitled to receive, and by reason of said defendants' neglect his health has become permanently impaired."

*John G. Crawford* and *Arthur O. Fuller*, for the plaintiff.

*Eastman & Hollis*, for the defendants.

BINGHAM, J.    If it was the duty of the defendants to provide the plaintiff with transportation to and from school (a question not considered), it was a public duty from which the district derived no benefit or advantage (*Doolittle* v. *Walpole*, 67 N. H. 554); and the right of the plaintiff to be transported was one he enjoyed in common with other scholars in the district, and was also public.    *Rhobidas* v. *Concord*, 70 N. H. 90, 116.    But it has long been the recognized law of this state that an action cannot be maintained against a municipality for the infringement of such a right, in the absence of a statute making it responsible.    This suit does not differ in its essential features from *Eastman* v. *Meredith*, 36 N. H. 284; and when viewed in the light of the principles there announced, we have no hesitation in saying that it cannot be maintained.    In that case the plaintiff, an inhabitant and legal voter of the town, while in attendance at an annual town-meeting, suffered bodily injury by reason of the giving way of a defective floor in the town-house.    Chief Justice *Perley* states the question of law involved, as follows: "Assuming that it was the duty of the town to provide a safe and suitable place for holding town-meetings, the question will remain, whether a citizen of the town, who suffers a private injury in the exercise of his public rights from neglect of the town to perform this public duty, can maintain an action against the town to recover damages for the injury."    After reviewing the cases bearing upon the subject, he

concludes his opinion by holding that the action cannot be maintained, and states that he knows of no case in which an action for personal injury " suffered by a citizen of the town from neglect of the town to provide him with safe and suitable means of exercising his public rights " has been sustained, in the absence of a statute giving the right.

For cases in other jurisdictions, holding that school districts stand upon the same basis as counties and towns in respect to their liability to individuals for damages suffered by reason of the negligent performance of public duties, see *Bigelow* v. *Randolph*, 14 Gray 541; *Hill* v. *Boston*, 122 Mass. 344; *School District* v. *Fuess*, 98 Pa. St. 600,—42 Am. Rep. 627; *Ford* v. *School District*, 121 Pa. St. 543; *Weddle* v. *Commissioners*, 94 Md. 334; *Bank* v. *School District*, 49 Minn. 106.

*Case discharged.*

All concurred.