## MARY BOJKO v. CITY OF MINNEAPOLIS.[1]

January 5, 1923.

No. 23,174.

**Municipal corporation not liable for negligence in lighting street.**

1. The rule that a municipal corporation is not liable for an injury occasioned by a negligent or other failure to perform its governmental functions applied to the alleged failure of the city of Minneapolis to properly light one of its streets, much frequented by pedestrians.

**Rule not changed by allegation of nuisance.**

2. The rule remains the same whether the neglect be characterized by the allegations of the complaint as creating a nuisance, or as mere negligence on the part of the officers of the municipality.

Action in the district court for Hennepin county to recover $3,000. Defendant's demurrer to the complaint on the ground that it did not state facts sufficient to state a cause of action was sustained by

[1]Reported in 191 N. W. 399.

Hale, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*Perry Fey*, for appellant.

*Neil M. Cronin* and *John T. O'Donnell*, for respondent.

Brown, C. J.

Appeal from an order sustaining a general demurrer to the complaint.

The complaint alleges as a first cause of action that defendant city of Minneapolis is a municipal corporation duly created and existing under the laws of the state. That, among the different departments for the conduct of its municipal affairs, there is created by the city charter one designated as the department of public welfare, under which the duty is imposed upon the city to suppress and abate all nuisances created or existing within the limits of the municipality. It further alleges that the duty so imposed upon the city was wilfully and wantonly neglected in the failure to properly light a particularly named street of the city, by reason of which the part thereof so unlighted became a dark gruesome ambush for crime; which condition was permitted to remain and continue subsequent to the time of the wilful murder of a named pedestrian making use of the street; that by reason of that situation the unlighted street was an implied invitation for the commission of crimes upon persons traveling thereon in the night time and was a public nuisance. It also alleges that while plaintiff was upon the particular street on her way home at night she was wilfully assaulted, beat and bruised by an evil and criminally disposed person, in consequence of which she suffered damages in the sum of $3,000. As a second cause of action the complaint alleges that the city assumed to exercise the power to light the streets thereof, and thereafter negligently failed to do so in respect to the part of the street here in question, and with knowledge of its officers and agents of the fact that a citizen had prior to the time here complained of there been waylaid and murdered.

1. The authority conferred upon defendant to light its streets and other public places is governmental in character, is permissive,

not made an absolute duty, and a negligent performance thereof, or a failure to perform at all, does not render the municipality liable in damages. Miller v. City of St. Paul, 38 Minn. 134, 36 N. W. 271; McHugh v. City of St. Paul, 67 Minn. 441, 70 N. W. 5. The nonliability of the municipality in such case is the prevailing rule in this country. 19 R. C. L. p. 1089. It has always been followed and applied in this state, with the single exception as respects the care of streets and sidewalks. That exception has been declared illogical and has never been extended. Lane v. Minnesota A. Soc. 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151; Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561; 2 Dunnell, Minn. Dig. § 6809. It is immaterial in what language the failure to perform the governmental function or authority be couched in the complaint; the rule of law on the subject cannot thus be changed. And the fact that the complaint in this action alleges that the failure of defendant to light the street in question resulted in creating a public nuisance does not materially change the legal aspect of the question. The alleged failure had relation to a governmental function, a failure to perform which is not actionable, whether it be termed a nuisance or mere negligence.

Order affirmed.