## M. J. HOWARD v. CITY OF STILLWATER.[1]

June 3, 1927.

No. 25,942.

**Defendant not liable for injury to man permitted to repair break in fire alarm wire caused by his negligence.**

A city fire alarm wire was broken and fell to the ground because of the negligent act of the appellant. The chief of the fire department gave the appellant permission to repair the wire. In attempting to do so appellant went upon the pole of a street car company to which the wire had been attached. The pole broke and appellant was injured. It was not necessary to go upon the pole to remove the wire from the street. *Held*:

[1] That in climbing the pole appellant was not an invitee of the city.

[2] That in maintaining its fire department the city was performing a governmental function which would not subject it to liability for negligence, and

[3] That appellant could not charge the city with liability under the rule that it was bound to use ordinary care to maintain its streets in a reasonably safe condition.

Municipal Corporations, 43 C. J. p. 922 n. 19; p. 999 n. 30.

Plaintiff appealed from an order of the district court for Washington county, Stolberg, J., denying his motion for a new trial. Affirmed.

*J. N. Searles, Edward Thelen,* and *George G. Chapin,* for appellant.
*Edwin D. Buffington,* for respondent.

LEES, C.

This action was brought in the first instance against the city of Stillwater and the Minneapolis & St. Paul Suburban Railroad Company to recover damages for personal injuries. Before the trial the action was dismissed as to the city and a proceeding commenced against it under the workmen's compensation act. The industrial

[1]Reported in 214 N. W. 656.

commission held that appellant was not an employe of the city and denied compensation. Thereupon the present action was brought and tried separately from the action against the railroad company. The court directed a verdict in respondent's favor, and this appeal was taken from an order denying a motion for a new trial.

Appellant resides in the city of Stillwater and owns the property on which he lives. With the aid of an employe, he undertook to saw a limb from a tree on one of his lots. The limb fell on the city's fire alarm wire, breaking it where it was attached to a cedar pole belonging to and used by the railroad company. The wire lay on the ground and, until the broken ends were fastened together, a fire alarm could not be turned in from that portion of the city. Appellant notified the chief of the fire department and was informed that the repair man was not in. Appellant said that he could "fix the wire," and was told that he might do so. Thereupon he went up a ladder, which he placed against the pole, carrying the two ends of the wire in his hands. When near the top of the pole, it broke at a point about even with the surface of the ground and appellant fell into the street and was seriously injured. The pole was rotten, but its condition was not apparent from the outside. It stood on a strip of ground 18 inches in width lying between the curb and the outer edge of the sidewalk. The city owned no poles. It used those of the Northern States Power Company to carry its fire alarm wires. These poles are higher than those of the railroad company. A year or two before the accident the city's electrical inspector found that the fire alarm wire had become slack at the place of the accident and was swaying. He screwed a porcelain knob in the pole in question and fastened the wire to it to keep it from swinging on or against the wires underneath.

Other facts need not be recited. The foregoing statement is sufficient to disclose those which are controlling, as we think.

[1] The appellant seeks to charge the respondent with liability upon this theory: It was the duty of the city to exercise ordinary care to maintain the pole in a safe condition for the use of employes and invitees who might have occasion to repair the fire alarm wire.

Appellant was an invitee to whom the duty was owing. It was not performed. The failure to perform it was the proximate cause of the injury, hence the city is liable.

Citing, among other cases, Moersdorf v. N. Y. Tel. Co. 84 N. J. L. 747, 87 Atl. 473, and Hoppe v. City of Winona, 113 Minn. 252, 129 N. W. 577, 33 L. R. A. (N. S.) 449, Ann. Cas. 1912A, 247, it is argued that the pole was used jointly by the city and the railroad company; that whenever two masters jointly use the same instrumentality each owes to its employes and the employes of the other the duty to exercise ordinary care to see that the instrumentality is safe for any use which may reasonably be anticipated; and that the city was chargeable with constructive notice of the condition of the pole.

The argument is plausible, but we think it unsound for these reasons: The wire was broken because of the negligent act of the appellant. In attempting to repair it he was seeking to remove the consequences of his negligence. He was not acting solely in the city's interest. In any event it was not necessary to climb the pole to remove the wire from the street, for shortly after the accident the chief of the fire department, as he passed by, took the two ends of the wire in his hands and twisted them together so as to restore the broken circuit and raise the wire far enough above the ground to remove any danger to passersby.

Under these circumstances it must be held that, in permitting appellant to repair the wire, the fire chief did not impliedly invite him to climb the pole.

[2] It is well settled that municipal corporations are liable for injuries resulting from dangerous conditions in their streets, but with this single exception they are not liable in damages for negligence in performing their governmental functions unless such liability has been imposed by statute. Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897; Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561, 290 A. L. R. 860; Bojko v. City of Minneapolis, 154 Minn. 167, 191 N. W. 399. The rule was thus stated in Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812:

"Municipal corporations are not liable for either negligent omissions or commissions in the performance of duties for which they receive no pecuniary profit, but which are imposed upon them as mere governmental agencies."

The rule has been applied whenever an attempt has been made to charge a municipal corporation with liability for the negligent acts of the members of its fire department. Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228; Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788.

Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. 1076, L. R. A. 1917B, 548, is not a departure from the rule. There a defective pole used to support a fire alarm wire fell and killed plaintiff's son as he was playing in the street. The city was held liable solely because it had negligently permitted a dangerous condition to exist in the street. Liability arose not because the city had negligently failed to maintain its fire alarm system in a reasonably safe condition, but because its negligent failure to inspect the poles created a street hazard and made the street dangerous for public use.

[3] This brings us to the final question: Should it be held that the presence of the broken wire in the street, with notice to the chief of the fire department, would render the city liable for an injury if sustained by a person lawfully using the street? Granting, for the sake of the argument, that if, after receiving actual or constructive notice of the presence of the wire in the street, the city had left it there, it would have been liable to a passerby injured by coming in contact with the wire, it does not follow that appellant may recover. His injury is not attributable to the presence of the wire in the street. He was injured because he attempted to replace the wire on the pole. His injury was not caused by a defect or dangerous condition in the street. He volunteered to repair the wire. He was not directed or authorized to make the repair in any particular manner. He chose to adopt a method of doing the work which proved to be dangerous. The city was not bound to anticipate that he would go upon the pole. Under the circumstances, we think the city cannot be charged with liability because

it failed to inspect the pole and see that it was maintained in such a condition that appellant might safely do what he attempted to do when he was injured.

Order affirmed.