## PETER C. NELSON v. CITY OF DULUTH.[1]

July 1, 1927.

No. 26,080.

**City liable when injury is caused by dangerous condition in park roadway due to its negligence.**
  1. Where a city constructs and maintains a roadway in its parks, which is used by the public as a way in passing from one public highway to another within the city, it is liable for injuries resulting from dangerous conditions caused by negligence of city, its officers and employes.

**Question of negligence of defendant for jury.**
  2. Alleged negligence of defendant properly submitted to jury.

**Question of negligence of decedent for jury.**
  3. Contributory negligence of decedent a question for jury.

**Charge to jury correct.**
  4. Charge to jury as to presumption of due care proper under the evidence.

**Reduced verdict not excessive.**
  5. Verdict as reduced by the trial court not excessive.

Death, 17 C. J. p. 1310 n. 42; p. 1311 n. 51; p. 1313 n. 66; p. 1350 n. 7.
Municipal Corporations, 43 C. J. p. 1173 n. 29; p. 1283 n. 97; p. 1293 n. 48; p. 1296 n. 61; p. 1298 n. 67.

See note in 29 A. L. R. 863; 42 A. L. R. 263; 20 L.R.A.(N.S.) 574; 5 R. C. L. Supp. 1061.
See note in L. R. A. 1916C, 820; 8 R. C. L. 850; 2 R. C. L. Supp. 665; 5 R. C. L. Supp. 487; 6 R. C. L. Supp. 529.

Defendant appealed from an order of the district court for St. Louis county, Kenny, J., denying its alternative motion for judgment or a new trial. Affirmed.

*John B. Richards* and *Harry E. Weinberg,* for appellant.
*Jenswold, Jenswold & Dahle,* for respondent.

[1]Reported in 214 N. W. 774.

QUINN, J.

Action to recover for the death by wrongful act of Hans Martin Nelson, 17 years of age. At about ten o'clock at night, on October 10, 1925, decedent was driving his Ford automobile in a southerly direction through Lincoln Park in the city of Duluth. Riding with him was Eleanor Johnson of the age of 15 years. As the car approached a sharp curve near Tenth street, it left the roadway and plunged over a rocky cliff into a creek bed below, killing the boy and badly injuring the girl. There was a verdict of $3,900. The court, upon motion, granted a new trial unless plaintiff consent to a reduction of the verdict to $3,200. The consent was filed and defendant appealed.

The main boulevard, at the northwest corner of Lincoln Park, and West Third street, at the southeast corner of the park, are public highways of the city of Duluth. The roadway upon which decedent was driving at the time in question extends from the boulevard in a southeasterly direction along the gorge of Miller Creek and connects with West Third street near the southeast corner of the park. The roadway is very irregular with sharp curves and heavy grades, and at places the bed of the creek is far below the surface of the roadway. At the point of the accident there is a sharp reverse curve, similar in shape to the letter "S", with a heavy grade and an almost perpendicular declivity on the left to the bed of the creek, which was strewn with immense rocks and boulders. The night was cloudy and dark, and there was no artificial lighting and no fence or other barrier to apprise travelers of danger or prevent cars from going over the face of the cliff.

[1] The park was established under the provisions of Sp. L. 1889, p. 1057, c. 401, by a board of park commissioners provided for in the act. In 1891 an ordinance was adopted by the park board under which the roadway through the park was constructed. The ordinance was neither pleaded by defendant nor proved at the trial. In 1912 the city adopted a home rule charter which did away with the park board, and the parks and highways were thereafter handled by a department of the city government presided

over by the mayor. The limitations contained in the ordinance, as we understand from briefs of counsel, with reference to travel on such roadway, are in conformity with the provisions of G. S. 1923, § 2711.

The undisputed evidence shows that the roadway has been maintained by the city for use by the public for the past 12 years in going from one part of the city to another, and as a part of the park driveways. It is used by the people living west of the park in going to and fro between West Third street and the boulevard, and for deliveries to residents living in the vicinity, and by farmers in going to and from the city. The court instructed the jury that:

"The roadway upon which young Nelson was traveling at the time of his death extended from the main boulevard that has been referred to in the evidence, to Third Street, through a public park, and was winding and hilly; and while the city maintained it for use by persons going from one part of the city to another, it was also maintained as part of the park and for such use as park driveways are designed for, *  *  *"

We see nothing wrong with the instruction. The evidence brings the case within the exception to the general rule stated in Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897. Where a city constructs and maintains walks or roadways in its parks, which are used by the public as a way in passing from one public highway to another within the city, it is liable in damages for injuries resulting from dangerous conditions caused by the negligence of the city, its officers and employes. The reasoning in that case applies here and justified the instruction. The Emmons case, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860, cited by appellant, does not apply.

[2] The trial court submitted the question of defendant's negligence and decedent's contributory negligence to the jury. It is contended on behalf of the plaintiff that the city was negligent in that the surface of the road at the point of the accident was out of repair, that the traveled portion thereof was too close to the de-

clivity or precipice and that, on account of the shape and condition of the road at that point, proper care required the city to erect a warning or barrier of some kind which would protect those driving thereon, particularly in the nighttime, and that a failure so to do was negligence. The jury found in favor of the plaintiff upon these issues, and we think its findings were justified by the evidence.

[3] The accident occurred at about ten o'clock at night. The sky was cloudy and it was dark. There was no artificial light. The curve is unusually sharp and down grade, with loose gravel extending to the edge of the bank, and the outer edge slopes toward the top of the cliff. The lamps were lighted on the car and it was not moving rapidly. There is a depression extending nearly across the track, caused by drainage of surface water, some six inches deep and, at the brink of the cliff where the car went over the cliff, it is much deeper. Under these circumstances we think the question of contributory negligence was for the jury, notwithstanding the fact that decedent was familiar with the park and had driven over the roadway a number of times. The facts disclosed by the record are not such as to require a holding that the deceased was guilty of contributory negligence as a matter of law. Fink v. N. P. Ry. Co. 162 Minn. 365, 203 N. W. 47, and cases there cited.

[4] The court properly instructed the jury as to the presumption of due care on the part of the deceased. While the witness Kostrezewski saw the headlight on the car some time before the accident, yet he did not see it again until he heard the girl scream as the car went over the cliff. The girl was so injured that she did not give an account of what happened. There was no witness who saw how the accident happened, so the presumption applies. McMahon v. Flynn, 154 Minn. 326, 330, 191 N. W. 902; Bowers v. C. M. & St. P. Ry. Co. 141 Minn. 385, 391, 170 N. W. 226.

[5] The jury returned a verdict of $3,900 as general damages. The trial court reduced the amount to $3,200. As reduced, we think the verdict not excessive. Drimel v. Union Power Co. 139 Minn. 122, 165 N. W. 1058, and cases there cited.

Affirmed.