# T. D. ALLEN v. INDEPENDENT SCHOOL DISTRICT NO. 17.[1]

November 25, 1927.

Nos. 26,190, 26,192.

**School district not liable for negligent operation of school bus.**

[1]   A school district is not liable at common law for injuries to a pupil which result from its negligent operation of a bus used in the transportation of pupils at public expense.

**Case followed in construction of statute.**

[2]   Under the rule of stare decisis, Bank v. Brainerd School Dist. 49 Minn. 106, followed in the construction of G. S. 1923, § 3098.

Schools and School Districts, 35 Cyc. p. 971 n. 75, 77, 78; p. 972 n. 83.

---

See note in 9 A. L. R. 911; 14 A. L. R. 1392; 21 A. L. R. 1328; 24 A. L. R. 1070; 24 R. C. L. 605; 1 R. C. L. Supp. 1377; 4 R. C. L. Supp. 1548; 5 R. C. L. Supp. 1292.

Two actions in the district court for Hennepin county in which the plaintiff, individually and as natural guardian of Dudley Allen, a minor, appealed from an order, Leary, J. sustaining demurrers to his complaints. Affirmed.

*Jamison, Stinchfield & Mackall,* for appellant.

*Cobb, Wheelwright, Hoke & Benson* and *W. O. Rogers,* for respondent.

WILSON, C. J.

The record presents two appeals from an order sustaining demurrers to the complaints in two actions. Both actions sound in negligence: One to recover for personal injuries to a minor, the other to recover expense and loss of the parent because of such injuries. The complaints are the same except as to allegations of damages.

Defendant school district operates a bus in the transportation of

[1]Reported in 216 N. W. 533.

its pupils.    The ten-year old pupil while on the school premises was run over by the bus and sustained a severe injury.

[1.]    For the purposes of this case, defendant has the status of a town or county.    The common law rule of nonliability for negligence rests upon the fact that its functional duty is public.    Defendant is charged with the control and management of its public school.    It is an agency for the public good.    Its function is to administer public education and is a quasi governmental agency. It is an arm of the state, and its functions are governmental.    Bank v. Brainerd School Dist. 49 Minn. 106, 51 N. W. 814; Howard v. Tacoma School Dist. 88 Wash. 167, 152 P. 1004, Ann. Cas. 1917B, 792.    See 9 A. L. R. 911, 14 A. L. R. 1392, 21 A. L. R. 1328, 24 A. L. R. 1070, 47 A. L. R. 829; Dick v. Board of Education (Mo.) 238 S. W. 1073, 21 A. L. R. 1327.    Education is a governmental duty.

Appellant asserts that the transportation of pupils is not a part of the governmental control of the schools although authorized by G. S. 1923, § 2816.    The district having undertaken to exercise the privilege, the duty in connection therewith was public.    The district derived no benefit or advantage.    The right of the pupil to be transported was one which he enjoyed in common with other pupils in the district and was also public.    Harris v. Salem School Dist. 72 N. H. 424, 57 A. 332; 35 Cyc. 971.

[2]    Plaintiff's position is that the common law rule has been modified by G. S. 1923, § 3098, which in part reads:

"An action may be brought against any school district    *    *    * for an injury to the rights of the plaintiff arising from some act or omission of such board    *    *    *."

Plaintiff's theory was followed in the construction of a similar statute in Howard v. Tacoma School Dist. 88 Wash. 167, 152 P. 1004, Ann. Cas. 1917B, 792.    Regardless of what the court would now do were we construing this statute in the first instance, we consider that the doctrine of stare decisis requires us to follow the rule of Bank v. Brainerd School Dist. 49 Minn. 106, 51 N. W. 814, which in substance holds that the legislature did not intend to change the rule in respect to negligence of such corporations but merely recog-

nized the proprietary rights as therein indicated. The legislature has acquiesced in the rule of the Bank case for 35 years, which indicates that this court correctly construed its intent in the statute which apparently had been so practically construed for many years prior to that decision.

Order affirmed.