[1] Reported in 225 N.W. 292.
Appeal by plaintiff from an order sustaining a demurrer to his complaint.
Defendant is an independent school district of this state. Plaintiff was a pupil in defendant's high school. He was injured at a football game conducted by the district as a part of its educational system. The charge is that defendant's officers and agents negligently used unslaked lime to mark the lines on the football field and thereby created a nuisance; that plaintiff was one of the players in defendant's school team; and that during the game he was thrown to the ground and his head and face forced into the lime so used, resulting in the lime coming into his eyes and destroying the sight of one eye and seriously impairing the sight of the other eye.
Defendant demurred to the complaint, and the demurrer was sustained by the trial court. *Page 448 
1. The rule that a municipality is not liable in damages for negligence in performing its governmental functions, unless such liability is imposed by statute, has been followed and applied in this state since early days. Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N.W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897, cites the earlier cases. The rule is specially applicable to public quasi corporations, such as school districts, which are governmental agencies, with limited powers. They are arms of the state and given corporate powers solely for the exercise of public functions for educational purposes. Kramer v. County of Renville, 144 Minn. 195,175 N.W. 101, and cases cited next below. There are exceptions to the rule, such as the liability of cities and villages for defects in streets and sidewalks, and liability for wrongful invasion or injury of private property, not here involved.
G. S. 1923 (1 Mason, 1927) § 3098, provides that an action may be brought against any school district, either upon a contract with the district or its board, in its official capacity and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such board. Plaintiff's contention that this section applies and authorizes his action is disposed of adversely by the decisions in Bank v. Brainerd School Dist.49 Minn. 106, 51 N.W. 814, and Allen v. Independent School Dist.173 Minn. 5, 216 N.W. 533. As indicated in Bank v. Brainerd School Dist. "rights of the plaintiff," mentioned in the section, probably has reference to property rights. Gould v. Eagle Creek School Dist. 7 Minn. 145 (203), is a case of injury to property. The case of Jones v. City of St. Paul, 130 Minn. 260,153 N.W. 516, is one for injury to an employe of the city caused by failure to maintain in safe condition a wagon used in transporting workmen from place to place. The case was tried and reviewed under the rules governing the relation of master and servant and does not refer in any way to the question of the liability of municipal or public quasi corporations for negligence in performing governmental functions.
2. Plaintiff's second proposition is that the use of the unslaked lime, in the manner stated, created a nuisance, and that for injury *Page 449 
caused by such nuisance the district is liable. He seeks to distinguish between the liability of a school district for personal injury caused by negligence on the part of its officers and liability caused by the negligence of such officers which amounts to a nuisance.
The distinction between negligence and nuisance is not clearly defined. There may be instances where a nuisance is created or exists without negligence as its primary cause. Generally a nuisance presupposes negligence, and the maintenance thereof is usually negligence. It may be said that negligence is some act or omission in violation of a duty prescribed or implied by law, while a nuisance is a dangerous, unsafe or offensive condition resulting from some act or omission. The same act, omission, or condition may and often does create a liability authorizing recovery either for negligence or for a nuisance. In the present case it is clear that the primary cause of the injury for which recovery is sought was the alleged negligent act of defendant's officers or agents in placing the lime upon the football field, and this is alleged to have resulted in a nuisance.
In passing upon the question of liability of counties, towns and school districts for torts, in numerous cases in this court no distinction has been made between negligence and nuisance, except where the tort caused invasion or injury to private property or property rights. Section 3098 has not been construed to authorize recovery for personal injury caused by a nuisance as distinguished from negligence. The rule of nonliability has been applied in cases where the facts disclosed a nuisance as clearly as in the present case. The rule is placed on the ground that such corporations are not liable for negligence or other wrongful acts or omissions of their officers and agents in performing governmental functions, except in cases of defects in city and village streets, and in cases of invasion or injury to property or property rights. The rule applies, not to negligence alone, but to all torts, including a nuisance. Bryant v. City of St. Paul, 33 Minn. 289,23 N.W. 220, 53 Am. R. 31; Grube v. City of St. Paul, 34 Minn. 402,26 N.W. 228; Bank v. Brainerd *Page 450 
School Dist. 49 Minn. 106, 51 N.W. 814; Gullikson v. McDonald,62 Minn. 278, 64 N.W. 812; Weltsch v. Town of Stark, 65 Minn. 5,67 N.W. 648; Claussen v. City of Luverne, 103 Minn. 491,115 N.W. 643, 15 L.R.A.(N.S.) 698, 14 Ann. Cas. 673; Tholkes v. Decock, 125 Minn. 507, 147 N.W. 648, 52 L.R.A.(N.S.) 142; Lamont v. Stavanaugh, 129 Minn. 321, 152 N.W. 720, L.R.A. 1915E, 460; Bojko v. City of Minneapolis, 154 Minn. 167,191 N.W. 399; Howard v. City of Stillwater, 171 Minn. 391,214 N.W. 656.
The question was considered in Bojko v. City of Minneapolis, where this statement is made [154 Minn. 169]:
"It is immaterial in what language the failure to perform the governmental function or authority be couched in the complaint; the rule of law on the subject cannot thus be changed. And the fact that the complaint in this action alleges that the failure of defendant to light the street in question resulted in creating a public nuisance does not materially change the legal aspect of the question. The alleged failure had relation to a governmental function, a failure to perform which is not actionable, whether it be termed a nuisance or mere negligence."
4 Dunnell, Minn. Dig. (2 ed.) § 6809, states the rule in these words: "A municipality is not liable for torts committed in the exercise of its public, governmental powers."
Emmons v. City of Virginia, 152 Minn. 295, 188 N.W. 561,29 A.L.R. 860, is not in conflict with the rule.
To hold defendant liable on the ground that the negligence complained of resulted in a nuisance, causing personal injury, would in effect overrule many of our prior decisions.
3. The football game at which plaintiff was injured was held under authority given to the school district by G. S. 1923 (1 Mason, 1927) § 2817. The authority there granted, to hold athletic games and other contests as a part of its educational system, is permissive and not mandatory. Plaintiff contends that such permissive activities of the district are not governmental functions, hence liability follows. Cases such as Harff v. City of Cincinnati, *Page 451 
11 Ohio N.P. (N.S.) 41; Boise Development Co. v. Boise City, 30 Idaho, 675,167 P. 1032; Byrnes v. City of Jackson, 140 Miss. 656,105 So. 861, 42 A.L.R. 254, where a distinction is made between permissive and mandatory duties, in relation to parks and a zoo, are cited. The distinction between liability for torts, in the performance of permissive and mandatory duties or activities of the municipality, has not been recognized in this state. Miller v. City of Minneapolis, 75 Minn. 131,77 N.W. 788; Emmons v. City of Virginia, 152 Minn. 295, 188 N.W. 561,29 A.L.R. 860. The test is whether the municipality is or is not exercising only governmental functions.
4. It appears that a small charge was made for attendance at the football game. Is the defendant liable for that reason? It is well established in this state that a city or village, which operates an electric light or waterworks plant and sells current or water to private consumers, is liable for negligence in so far as it carries on such business for that purpose. Keever v. City of Mankato, 113 Minn. 55, 129 N.W. 158, 775,33 L.R.A.(N.S.) 339, Ann. Cas. 1912A, 216; Brantman v. City of Canby, 119 Minn. 396, 138 N.W. 671, 43 L.R.A.(N.S.) 862; Frasch v. City of New Ulm, 130 Minn. 41, 153 N.W. 121, L.R.A. 1915E, 749; Miller v. City of Minneapolis, 75 Minn. 131, 77 N.W. 788. But, as pointed out in the Brantman case, 119 Minn. 396,138 N.W. 671, this is based on the reasoning that, when a municipality takes over and operates a public utility, it is entering the field of private enterprise and should be held to the same liability as a private party operating under a franchise. We do not feel that the same rule should be extended to a public quasi corporation, such as a school district, which has no power to engage in any such business. Here there was a small incidental charge for admission of the public to the game. The fact of such charge being made would not appear sufficient to take the district out of its educational functions and convert its activity into one of a business or proprietary character. School districts may make incidental charges for other purposes. They may charge and receive tuition for nonresident pupils; buy and sell school books; receive rent for authorized uses of school buildings; and make other incidental charges. *Page 452 
If the fact that such incidental charges are made places liability upon the district, then the rule of nonliability largely disappears.
The precise question does not appear to have been directly considered in this court. In the case of Claussen v. City of Luverne, 103 Minn. 491, 115 N.W. 643, 15 L.R.A.(N.S.) 698,14 Ann. Cas. 673, the question of liability, where the city had received compensation, was incidentally involved but held not tenable. There are cases from other states holding that receiving some small or incidental consideration does not create liability where the municipality is exercising a governmental function. Nabell v. City of Atlanta,33 Ga. App. 545, 126 S.E. 905; Benton v. Trustees of Boston City Hospital,140 Mass. 13, 1 N.E. 836, 54 Am. R. 436; Mahoney v. City of Boston, 171 Mass. 427, 50 N.E. 939; Krueger v. Bd. of Ed.310 Mo. 239, 274 S.W. 811, 40 A.L.R. 1086; Moulton v. City of Fargo, 39 N.D. 502, 167 N.W. 717, L.R.A. 1918D, 1108.
There are numerous cases from other states holding regular municipal corporations liable or not liable for torts; not so many relating to public quasi corporations, such as this school district. To cite and attempt to state the conflicting holdings would unduly extend this opinion. The conclusions from our own decisions are that the general rule of nonliability applies to this case; that the defendant district was exercising one of its governmental functions for educational purposes; that it is not made liable by the fact that the injury resulted from a nuisance negligently created by acts of its officers or agents, nor by the fact that an incidental charge was made for admission to the game.
Order affirmed. *Page 453