[1] Reported in 225 N.W. 449.
Action by the plaintiff to recover of the defendant school district damages sustained from becoming infected with tuberculosis through the negligence of the defendant while she was employed as a school teacher. The court directed a verdict for the defendant, and the plaintiff appeals from the judgment.
1. The plaintiff was a teacher in the Maple Hill school of the defendant district. She commenced on October 14, 1925, and continued until November 25, 1925, when she secured another position. On April 24, 1926, she learned that she was tubercular. She continued teaching until June 4, 1926, and shortly afterwards entered Nopeming Sanatorium. Her predecessor in the school at Maple Hill taught in the 1925-1926 school year until October 13, 1925, when, because of a tubercular condition, she was required to discontinue. She died of tuberculosis on April 19, 1926. The school district did not clean or disinfect the building or the papers and books and apparatus, including a pitch-pipe which had been used by her, and they were used by the plaintiff. She used cloths which had been used in cleansing and dusting before she came. *Page 456 
There may be liability for negligently exposing one to tuberculosis. Hansman v. Western Union Tel. Co. 144 Minn. 56,174 N.W. 434. The evidence was such as to justify a jury in finding that the district was negligent. G. S. 1923 (1 Mason, 1927) § 5384, provides that a teacher afflicted with tuberculosis shall not remain about a school building without a certificate from the board of health that she is not a source of danger to others. The school district officers had notice that plaintiff's predecessor was tubercular, required her to cease teaching because she was, and did not clean or fumigate the schoolroom or appliances before they put the plaintiff in charge. It seems not to be questioned seriously that a jury might find that the plaintiff became infected at the Maple Hill school.
The plaintiff makes something of G. S. 1923 (1 Mason, 1927) § 5385, requiring the renovation and disinfecting of apartments or premises which have been vacated because of the removal therefrom of one sick with tuberculosis. A reading of the statute indicates its application to houses or apartments or dwellings and does not permit the inclusion of a schoolhouse. It is of no consequence here.
The plaintiff makes a claim that a nuisance was maintained. There is nothing in the evidence from which we are able to see more than negligence. See G. S. 1923 (2 Mason, 1927) §§ 9580, 10241. At the most, the school district was lacking in care when it put the plaintiff in charge of the school, after her predecessor had been relieved because of her tubercular condition, and failed to exercise precautions in cleaning and disinfecting the schoolroom and appliances used in connection with it. As said in Bojko v. City of Minneapolis, 154 Minn. 167,191 N.W. 399, the liability of a municipality cannot be changed by couching the language descriptive of the failure of duty in one form rather than another. It was just negligence.
2. A school district is a quasi public corporation and a governmental agency in the furnishing of educational facilities. Its functions are governmental and not proprietary. Mokovich v. Independent School Dist. No. 22, 177 Minn. 446,225 N.W. 292; Allen v. Independent School Dist. No. 17, 173 Minn. 5,216 N.W. 533; Bank v. Brainerd School Dist. 49 Minn. 106,51 N.W. 814. Our holdings *Page 457 
are in harmony with those in other states, some of which are noted in the next paragraph.
3. A school district in the exercise of its governmental functions is not liable for negligence unless liability is imposed by statute. Mokovich v. Independent School Dist. No. 22, 177 Minn. 446, 225 N.W. 292 (negligent use of unslaked lime to mark lines on football field; eyes of plaintiff, a player in defendant's team, injured thereby; no liability); Allen v. Independent School Dist. No. 17, 173 Minn. 5, 216 N.W. 533
(pupil on school premises negligently run over by school bus; no liability); Bank v. Brainerd School Dist. 49 Minn. 106,51 N.W. 814 (school boy fell and broke leg while at play on school grounds; district negligent in permitting two stumps to be on grounds; no liability).
The authorities in other states are in accord. Hill v. City of Boston, 122 Mass. 344, 23 Am. R. 332 (child injured by falling over defective banister on stairway in school building; no liability); Bd. of Ed. v. McHenry, 106 Ohio St. 357,140 N.E. 169 (negligence of dentist in employ of school board; no liability); Krueger v. Bd. of Ed. 310 Mo. 239, 274, S.W. 811, 40 A.L.R. 1086 (negligence in operation of lunch room; no liability); Harris v. Salem School Dist. 72 N.H. 424, 57 A. 332
(improper means of transportation of pupils to school; no liability); Cons. School Dist. No. 1 v. Wright, 128 Okla. 193,261 P. 953, 56 A.L.R. 152 (negligence in operation of motor truck in transportation of pupils; no liability); Anderson v. Bd. of Ed. 49 N.D. 181, 190 N.W. 807 (negligence in maintaining upon school playgrounds swings and chutes; no liability); Daniels v. Bd. of Ed. 191 Mich. 339, 158 N.W. 23 (defectively constructed school building; pupil injured; no liability); Ernst v. City of West Covington, 116 Ky. 850, 76 S.W. 1089,63 L.R.A. 652, 105 A.S.R. 241, 3 Ann. Cas. 882 (pupil injured by falling from wall in school grounds negligently left in dangerous condition; no liability); Ford v. School Dist.121 Pa. 543, 15 A. 812, 1 L.R.A. 607 (pupil burned through negligence of janitor in using petroleum in starting fire; no liability); Krutili v. Bd. of Ed. 99 W. Va. 466, 129 S.E. 486
(pupil injured; no liability); Weddle v. Bd. of School *Page 458 
Commrs. 94 Md. 334, 51 A. 289 (negligent condition of playgrounds; no liability); Lane v. Dist. Township,58 Iowa, 462, 12 N.W. 478 (pupil injured through negligence of district in permitting lightning rods to be out of repair; no liability).
The rule of nonliability applies to governmental functions of municipalities. Snider v. City of St. Paul, 51 Minn. 466,53 N.W. 763, 18 L.R.A. 151 (negligence in maintaining city hall; no liability for injury to employe); Bojko v. City of Minneapolis, 154 Minn. 167, 191 N.W. 399 (failure to light street; no liability); Emmons v. City of Virginia, 152 Minn. 295,188 N.W. 561, 29 A.L.R. 860 (negligent maintenance of a slide in a public park; no liability); Howard v. City of Stillwater, 171 Minn. 391, 214 N.W. 656 (maintenance of fire department; no liability); Harris v. District of Columbia,256 U.S. 650, 41 S.Ct. 610, 65 L. ed. 1146, 16 A.L.R. 1471 (cleaning streets for protection of public health and comfort; no liability for injury to child); Howard v. City of Philadelphia, 250 Pa. 184, 95 A. 388, L.R.A. 1916B, 917 (negligent vaccination by physician employed by board of health; no liability); Tollefson v. City of Ottawa, 228 Ill. 134,81 N.E. 823, 11 L.R.A.(N.S.) 990 (negligence of employes in conducting a hospital; no liability); Evans v. City of Kankakee, 231 Ill. 223, 83 N.E. 223, 13 L.R.A.(N.S.) 1190
(negligence of board of health in detaining in calaboose one afflicted with smallpox whereby others working or residing near contracted disease; no liability); White v. City of Casper,35 Wyo. 371, 249 P. 562 (negligence in operation of fire truck; no liability); Jones v. City of Phoenix, 29 Ariz. 181, 239 P. 1030
(negligence in collection of garbage; no liability); Young v. City of Lexington, 212 Ky. 502, 279 S.W. 957 (negligence in operation of fire truck; no liability); Mocha v. City of Cedar Rapids, 204 Iowa, 51, 214 N.W. 587 (negligence in conduct of bathing beach; no liability); Aldrich v. City of Youngstown,106 Ohio St. 342, 140 N.E. 164, 27 A.L.R. 1497 (plaintiff struck by police patrol wagon; city not liable).
In Ackeret v. City of Minneapolis, 129 Minn. 190,151 N.W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897, it was held that negligence *Page 459 
in maintaining a driveway through a public park was actionable. The same was held in Nelson v. City of Duluth, 172 Minn. 76,214 N.W. 774. Liability was put upon the ground that the driveway was in the nature of a street the duty to maintain which was cast upon the municipality. The Ackeret case,129 Minn. 190, 151 N.W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897, gathers the prior ones. There has been no departure from the rule of nonliability there stated.
The textbooks and compilations are in general accord both as to school districts and municipalities exercising governmental and not proprietary or mere corporate functions. 43 C.J. 920, et seq; 4 Dillon, Mun. Corp. (5 ed.) §§ 1656, 1658, et seq; 2 Shearman Redfield, Neg. (6 ed.) § 267; 28 Cyc. 1257, et seq; 19 R.C.L. p. 1109, § 391, et seq. p. 1124, § 402; 56 A.L.R. 164; 40 A.L.R. 1086; 33 A.L.R. 682; 24 A.L.R. 1070; 21 A.L.R. 1328; 14 A.L.R. 1392; 9 A.L.R. 911; 49 L.R.A.(N.S.) 1026; Dec. Dig. Schools, § 89; Id. Mun. Corp. § 852; 4 Dunnell, Minn. Dig. (2 ed.) § 6808, et seq.
Our decisions holding municipalities liable for negligence or for other torts are explained upon the ground that the negligence was in connection with the care of streets, or in the exercise of a proprietary function, or that there was an invasion or taking of the property of another. Sundell v. Village of Tintah, 117 Minn. 170, 134 N.W. 639,38 L.R.A.(N.S.) 1127, Ann. Cas. 1913C, 1311 (negligence in respect of street); McLeod v. City of Duluth, 174 Minn. 184, 218 N.W. 892
(negligence in flushing a paved street for the purpose of keeping it in condition for public use); Nelson v. City of Duluth, 172 Minn. 76, 214 N.W. 774 (negligent condition of roadway in park, used in passing from one public highway to another); Bridgeman-Russell Co. v. City of Duluth, 158 Minn. 509,197 N.W. 971 (waters escaping from a reservoir of the city and flooding lands of another); Newman v. County of St. Louis,145 Minn. 129, 176 N.W. 191 (negligence in permitting fire, while opening a county road, to spread to adjoining premises); Lane v. Minnesota St. Agr. Soc. 62 Minn. 175, 64 N.W. 382,29 L.R.A. 708 (society under allegations of complaint not organized solely for discharging a governmental *Page 460 
function); Keever v. City of Mankato, 113 Minn. 55,129 N.W. 158, 775, 33 L.R.A.(N.S.) 339, 343, Ann. Cas. 1912A, 216 (city negligent in private or corporate capacity in maintaining water works); Hillstrom v. City of St. Paul, 134 Minn. 451,159 N.W. 1076, L.R.A. 1917B, 548 (negligent condition of public streets); Bohrer v. Village of Inver Grove, 166 Minn. 336,207 N.W. 721 (village and school district putting sand in a natural ravine so that it washed upon the premises of the plaintiff); Joyce v. Village of Janesville, 132 Minn. 121, 155 N.W. 1067, L.R.A. 1916D, 426 (discharging sewage of village upon plaintiff's land); Batcher v. City of Staples, 120 Minn. 86,139 N.W. 140 (discharge of sewer of city into creek near plaintiff's land); Pye v. City of Mankato, 36 Minn. 373,31 N.W. 863, 1 A.S.R. 671 (diverting water from natural course and casting upon lands of another); Kiefer v. County of Ramsey,140 Minn. 143, 167 N.W. 362 (trespass by county in diverting waters from natural course and casting them upon lands of plaintiff).
Law writers disapprove as illogical the distinction made between governmental and other functions as the basis of legal responsibility. 34 Yale L. J. 1, 129, 229; 36 Yale L. J. 1; 28 Colum. L.Rev. 734; 75 U. Pa. L.Rev. 555; 23 Mich. L.Rev. 325; 34 Harvard L.Rev. 66. There is a good review in Burdick, Torts (4 ed.) pp. 127-139, §§ 97-105. The courts, sympathetic with the view that there should be no distinction in liability, occasionally say that the matter is now one for the legislature. McCoy v. Kenosha County, 195 Wis. 273,218 N.W. 348, 57 A.L.R. 412; Sullivan v. School Dist. No. 1,179 Wis. 502, 191 N.W. 1020; McGraw v. Rural High School Dist. No. 1,120 Kan. 413, 243 P. 1038; Anderson v. Bd. of Ed. 49 N.D. 181,190 N.W. 807. In respect of accidental injuries to employes our legislature has provided for compensation by school districts and other municipal bodies. G. S. 1923 (1 Mason, 1927) § 4326(d).
If it is better policy to spread the loss to the individual over the taxing district, if this is thought to be promotive of social justice, as some think, the legislature can bring the result by statute. In Washington and California liability has been created by statute. *Page 461 
Howard v. Tacoma School Dist. No. 10, 88 Wn. 167,152 P. 1004, Ann. Cas. 1917D, 792, construing Rem. Bal. Code, § 951; Huff v. Compton City Grammar School Dist. (Cal.App.)267 P. 918. In New York and in Tennessee statutes influenced the courts in reaching a conclusion different from that adopted by us. Lessin v. Bd. of Ed. 247 N.Y. 503, 161 N.E. 160; Johnson City Bd. of Ed. v. Ray, 154 Tenn. 179, 289 S.W. 502.
Cases holding, or seeming to hold, liability, without a statute imposing it, are noted and to some extent distinguished in McCoy v. Kenosha County, 195 Wis. 273, 218 N.W. 348,57 A.L.R. 412, which in harmony with most jurisdictions follows the nonliability rule.
4. The plaintiff claims that under G. S. 1923 (1 Mason, 1927) § 3098, which provides that an action may be brought against a school district upon a contract or "for an injury to the rights of the plaintiff arising from some act or omission," liability rests upon the school district for its negligence.
This statute was construed in Bank v. Brainerd School Dist.49 Minn. 106, 51 N.W. 814; and it was held that the legislature did not intend to change the rule relative to the nonliability of a school district in the exercise of a governmental function. This construction was followed in Allen v. Independent School Dist. No. 17, 173 Minn. 5, 216 N.W. 533, and in Mokovich v. Independent School Dist. No. 22, 177 Minn. 446,225 N.W. 292. In the Allen case the suggestion is made that if the question were a new one the construction might be different. In support of the construction in the Brainerd case it may be suggested that it is a bit incongruous to put the burden of liability upon school districts, essentially governmental in their character, and not upon municipalities such as cities, villages and counties. In Howard v. Tacoma School Dist. No. 10, 88 Wn. 167, 152 P. 1004, Ann. Cas. 1917D, 792, construing Rem. Bal. Code, § 951, similar in language to our § 3098, but not limited to school districts, it was held that a school district was liable for negligence in maintaining exercise ladders in the playroom of a school. *Page 462 
The questions involved have been thoroughly briefed and were argued at length. The case, unless we decline to follow the authorities, our own among others, is not a difficult one. To cite or review all the cases would take the opinion beyond useful length. We follow our own cases and the general holding of other courts when we affirm the judgment.
Judgment affirmed.