## RITTMILLER v. SCHOOL DIST. NO. 84 (WABASSO, MINN.) et al.

### Civ. A. No. 646.

United States District Court
D. Minnesota, Second Division.
Feb. 16, 1952.

Henry N. Somsen, Jr., of Somsen & Somsen, New Ulm, Minn., for defendant School District for the motion.

Harry Lashkowitz, of Lashkowitz & Lashkowitz, Fargo, N. D., for plaintiff, opposed.

NORDBYE, Chief Judge.

This cause comes before the Court on motion of defendant School District for summary judgment in its favor.

The action involves a claim for damages growing out of a collision between a school bus owned by the above-named School District and driven by defendant Hammerschmidt and a car driven by plaintiff. The accident occurred on March 7, 1951. The School District is a municipal corporation, and in its answer it raises the defense of immunity from any tort liability because at the time of the accident it was engaged in a governmental function. It is not denied by the showing herein that in the operation of its bus at the time of the accident the School District was engaged in the transportation of students from its school to their homes. This, of course, is a governmental function. Allen v. Independent School District No. 17, 173 Minn. 5, 216 N. W. 533. That a municipal corporation is immune from liability for negligence when engaged in the exercise of a governmental function is settled in this State. Bank v. Brainerd School District, 49 Minn. 106, 51 N.W. 814; Mokovich. v. Independent School District No. 22, 177 Minn. 446, 225 N.W. 292; Bang v. Independent School District, 177 Minn. 454, 225 N.W. 449.

But plaintiff contends that the record here reflects that this School District carried liability insurance, and it points out that the answer to an interrogatory submitted by plaintiff as to whether the School District carried liability insurance involving the operation of the school bus was as follows:

"The defendant School District No. 84 carried liability insurance with Underwriters at Lloyds of Minneapolis insuring it and its employes and agents against liability for personal injury and property damage for the operation of said school bus. The limit of liability for personal injury provided in its insurance policy is $20,000.00 for injury to any one person and $200,000.00 for injuries to persons in any one accident. The limit of liability provided in its policy for property damage liability is $5,000.00 for any one accident."

Plaintiff's position in opposition to the motion for summary judgment is not entirely clear. But apparently it is intended that the procuring of insurance by the School District constituted a waiver of its immunity and that the School District should be retained as a party defendant herein until the question of negligence and damages is determined by the jury so that appropriate action may be taken against the insurer if plaintiff is successful in his litigation. However, the carrying of insurance by a School District and the payment of premiums on such insurance policy do not impose any liability upon the municipality. This is made clear from the very statute which authorizes the payment of insurance premiums. Apparently this policy was obtained in pursuance of Section 471.-42, M.S.A., which at the time the insurance was procured read as follows:

"All towns, school districts having an assessed valuation of over $2,000,-000, and cities, villages, and boroughs in this state are hereby authorized to carry insurance against liability of employees of any departments thereof by reason of claims for bodily injuries, death, or property damage made upon any such employee by reason of his operation of a motor vehicle while in the performance of his duties and to defend, in the name and on behalf of such employee, any suit brought against him to enforce a claim, wheth-

er groundless or not, arising out of the operation of a motor vehicle by him while in the performance of his duties."

The portion of the statutes which authorize the payment of premiums is found in Section 471.43, M.S.A., which reads as follows:

"Such governing body may in its discretion pay the premiums on insurance policies insuring individuals or groups of the employees referred to in section 471.42 against liability for injury to person or property, within the limitations of section 471.42 and such payment of insurance premiums shall in no way impose upon any municipality any liability."

 Although these statutes do not specifically authorize the School District to obtain insurance for itself as a legal entity and the provision pertains to the right "to carry insurance against liability of employees", nevertheless this is the only statute which pertains to the right of a School District to carry liability insurance other than Section 125.065, Subdivision 6, M.S.A., which relates by its terms to insurance protecting school children in the District who are being transported, and is not applicable herein. But it may be that the policy was procured under both sections. In any event, the fact that the insurance policy herein by its terms insured the School District as well as its employees, does not result in any waiver of its immunity. In absence of a clear intention on the part of the Legislature to impose liability for tort, a municipality which takes out insurance under such statutory authority does not waive its immunity. Legislative permission for tort suits against a School District is not present under the showing herein. Moreover, it appears that the insurance policy in question covers Hammerschmidt, the driver of the bus, and he was an employee of the School District and by its very terms becomes one of the insured. Consequently, premiums paid for this insurance will protect the public as fully as if the School District remains as a party. Nothing is to be gained as suggested by plaintiff through any delay in the determination of the question submitted on this motion for summary judgment. Ham-

merschmidt is not subject to any immunity. If plaintiff recovers a verdict against him, presumably the insurance company will respond to the extent of its coverage. If there is a verdict in excess of the insurance coverage, there is no authority under the law to obtain judgment for any coverage as against the School District. Therefore, on this showing, it seems clear that there is no material issue of fact to be tried as between the plaintiff and the School District, and as a matter of law it is entitled to judgment in its favor.

It follows, therefore, that the motion for summary judgment in favor of the School District is granted. It is so ordered.

An exception is allowed.